**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 16 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

HOANG VAN TU; NGUYEN THI
KHUONG; NGUYEN DINH; TRAN
NAM; TRUONG THAIN; PHAM
DAT; PHAM THI THUAN,
individually and as representatives
of the class of victims of the My Lai
Massacre,

        Plaintiffs-Appellants,

v.

MAJOR GENERAL KOSTER;
LT. COL. HOLLADY; COL. YOUNG;
CPT. RIGGS; CPT. MICHLES; CPT.
ERNEST L. MEDINA; LT. WILLIAM
RUSTY CALLEY; PT. MICHAEL
TERRY; UNITED STATES OF
AMERICA,

        Defendants-Appellees.

No. 02-4209

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. No. 2:00-CV-807-DB)**

---

Submitted on the briefs:

S. Austin Johnson of Johnson Law Firm, P.C., Orem, Utah, for Plaintiffs-
Appellants.

Drew Briney, Spanish Fork, Utah, for Defendant-Appellee Michael Brent Terry.

Paul M. Warner, United States Attorney, District of Utah; Barbara Biddle, Assistant Director, Appellate Staff Civil Division, U.S. Department of Justice; Robert M. Loeb, Special Appellate Counsel, Appellate Staff Civil Division, U.S. Department of Justice; Jeremy S. Brumbelow, Trial Attorney, Torts Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendants-Appellees Ernest L. Medina and the United States of America.

─────────────

Before **BRISCOE** and **McKAY** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

─────────────

**BRISCOE** , Circuit Judge.

─────────────

Plaintiffs appeal from the district court's order dismissing their complaint on statute-of-limitations grounds. We affirm. [1]

FACTS

Plaintiffs are residents of the Village of Son My, Quang Ngai Province, in the Republic of Vietnam. They bring this action on their behalf and as representatives of deceased victims and survivors of the My Lai Massacre. The My Lai Massacre occurred on March 16, 1968, during the Vietnam War, when members of the United States military allegedly committed atrocities, including murder, against civilian residents of the village of Son My (My Lai).

─────────────

[1]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Plaintiffs filed this suit over thirty-two years after the fact, on October 12, 2000. They named a Utah defendant, Private Michael B. Terry, and several other American soldiers who allegedly committed violations of the Law of War. On September 23, 2002, the district court entered an order dismissing the entire action, with prejudice, on statute-of-limitations grounds.

ANALYSIS

Plaintiffs' complaint advances claims under 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Alien Tort Statute, 28 U.S.C. § 1350. The district court concluded that plaintiffs had no cause of action under *Bivens* or § 1983. It further concluded that Utah's four year statute of limitations for personal injury claims barred plaintiffs' § 1983 claims. Finally, it concluded their § 1350 claims were time-barred because they were not brought within ten years. We review the district court's application of the statute of limitations *de novo*. *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003).

1. **Section 1983/ *Bivens* claims**

Plaintiffs' complaint does not state a claim under § 1983 because the activities of the United States military were not taken under the color of state law. *See Dry v. United States*, 235 F.3d 1249, 1255-56 (10th Cir. 2000). Plaintiffs

appear to concede this deficiency. On appeal, they argue that their action actually was brought under *Bivens*. *See* Aplt. Opening Br., No. 02-4209, at 5-6.

The availability of a *Bivens* remedy is also questionable. *See, e.g., Sanchez-Espinoza v. Reagan*, 770 F.2d 202, 209 (1985) ("[T]he special needs of foreign affairs must stay our hand in the creation of damage remedies [under *Bivens*] against military and foreign policy officials for allegedly unconstitutional treatment of foreign subjects causing injury abroad."). We need not decide whether *Bivens* applies, however, because plaintiffs' *Bivens* claim is, in any event, barred by the statute of limitations.

*Bivens* is a judicially created remedy that does not have its own statute of limitations. *Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994). *Bivens* actions generally borrow the general personal injury limitations statute in the state where the action arose. *Id.*

Cognizant of this rule, plaintiffs assert that their action "arose" in Vietnam, rather than in Utah. Vietnam is not, of course, a state of the Union; it is a foreign state. Plaintiffs cite no authority to support their claim that the law of a foreign state may be borrowed to create a *Bivens* statute of limitations. They also present no argument favoring Vietnamese law under choice of law principles, beyond a bare assertion that the action "arose" in Vietnam.

Plaintiffs argue that Vietnam's Communist government has established no statute of limitations for personal injury because it does not recognize the right of citizens to bring tort suits. Given this void in Vietnamese law, we are not asked to choose between two conflicting state limitations statutes, *see id.* at 968 n.4; instead, we are asked to disregard the law of the forum state, Utah, in favor of a non-existent, and therefore hypothetically unlimited, foreign statute of limitations. Plaintiffs give us no reason to do so.

Plaintiffs also argue since Vietnam is a signatory to the *Convention on the Non-Applicability of Statutory Limitations to War Crimes and Crimes Against Humanity*, adopted by the United Nations General Assembly on November 26, 1968,[2] and since Article 1 of this Convention makes limitations statutes inapplicable to "war crimes" or "crimes against humanity," we should apply the treaty and hold that there is no statute of limitations. The United States is not a signatory to this Convention. Plaintiffs present no authority for applying an unlimited statute of limitations contained in a treaty ratified by a foreign state, but not the United States, to a *Bivens* claim. If this were not enough reason to reject plaintiffs' argument, we note also that the Convention refers exclusively to prosecution for crimes, not to tort liability.

---

[2] The convention may be found at http://www.unhchr.ch/html/menu3/b/p_limit.htm (visited March 4, 2004).

-5-

Plaintiffs chose Utah as the forum state in which to bring this action. Utah

provides a four-year residual statute of limitations for personal injury actions,

which we will apply to plaintiffs' *Bivens* claims. Utah Stat. Ann. § 78-12-25(3).

*Cf. Sheets v. Salt Lake County*, 45 F.3d 1383, 1387 (10th Cir. 1995) (applying

§ 78-12-25(3) to § 1983 action).

Although state law establishes the statute of limitations, federal law

determines when plaintiffs' federal *Bivens* claims accrued. *Industrial*

*Constructors*, 15 F.3d at 969. Under federal law, the statute of limitations on

a *Bivens* claim "begins to run when the plaintiff knows or has reason to know

of the existence and cause of the injury which is the basis of his action." *Id.*

We agree with the district court that plaintiffs had reason to know of the existence

and cause of their injuries when they occurred, on March 16, 1968, and therefore,

absent tolling, which we address later in this opinion, they should have filed their

suit no later than March 16, 1972. The district court therefore correctly

determined that plaintiffs' *Bivens* claims were untimely.

2. **Claims under Alien Tort Statute**

The Alien Tort Statute provides that "[t]he district courts shall have

original jurisdiction of any civil action by an alien for a tort only, committed in

violation of the law of nations or a treaty of the United States." 28 U.S.C.

§ 1350. The Statute itself provides no time bar for such actions. Although we

have not previously decided what statute of limitations applies to an action under the Statute, most other courts considering the issue have borrowed the ten-year statute of limitations contained in the Torture Victim Protection Act of 1991, Pub. L. 102-256, 106 Stat. 73 (1992), 28 U.S.C. § 1350 *note,* § 2(c) (TVPA), as the most analogous federal statute of limitations. *See, e.g., Deutsch v. Turner Corp.*, 324 F.3d 692, 717 & n.18 (9th Cir.), *cert. denied*, 124 S. Ct. 105, 132, 133 (2003); *Doe v. Islamic Salvation Front*, 257 F. Supp. 2d 115, 118-19 (D.D.C. 2003).

Plaintiffs argue that it is inappropriate to borrow the statute of limitations associated with the TVPA, because they have not filed their action as torture victims. Beyond this general observation, they provide no discussion of the governing principle, the "most closely analogous statute of limitations rule." *See Deutsch*, 324 F.3d at 717 n.18. Once again, they merely assert that Vietnamese law, which contains no statute of limitations, is more appropriate because the tort occurred in Vietnam. We conclude that the TVPA is more closely analogous to the Alien Tort Statute action than the law of Vietnam. The district court properly determined that plaintiffs were required to bring their action within the ten-year statute of limitations, and that they failed to do so.

### 3. **Equitable tolling**

Plaintiffs argue that the aforementioned statutes of limitations should be tolled because of exceptional circumstances. We agree with the district court that even if some degree of equitable tolling were appropriate on the basis of plaintiffs' poverty, their status as subjects of a Communist government, the Vietnam War, and their inability to travel, plaintiffs have made no showing sufficient to justify tolling the *Bivens* claim for twenty-eight years, and their Alien Tort Statute claim for twenty-two. We therefore reject their equitable tolling argument.

### 4. **Application to Calley**

Finally, plaintiffs argue that the district court should not have dismissed defendant Calley on statute-of-limitations grounds, because he waived the defense by failing to raise it in his motion to dismiss. Calley filed a pro se motion to dismiss, which the district court denied. He then filed an answer to the complaint, in which he asserted several affirmative defenses, including the statute of limitations.

Plaintiffs' waiver argument is meritless. Rule 8(c) of the Federal Rules of Civil Procedure requires a party to include the defense of statute of limitations in his responsive pleading. Calley properly raised the defense in his answer. It is therefore irrelevant that he did not present it in his motion to dismiss. *See, e.g.,*

*Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002), *cert. denied*, 124 S. Ct. 48 (2003); *Expertise, Inc. v. Aetna Fin. Co.*, 810 F.2d 968, 973 (10th Cir. 1987). Further, although Calley did not join in Terry's motion to dismiss, the district court could *sua sponte* grant dismissal on the pleadings for Calley, particularly when another motion to dismiss on the same basis was already pending. *See* 2 James William Moore, *Moore's Federal Practice* § 12.38 & n.3 (3d ed. 2003) ("Any party may move for judgment on the pleadings, or the court may act sua sponte.").

The district court properly dismissed plaintiffs' complaint against all defendants as untimely. The judgment of the district court is AFFIRMED.