F I L E D
United States Court of Appeals
Tenth Circuit

MAY 19 2005

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSEPH CURIALE,

        Plaintiff - Appellant,

v.

UINTAH COUNTY SHERIFF RICK
HAWKINS, and CHIEF UINTAH
COUNTY DEPUTY ROBERT
VANDERBUSSE,

        Defendants - Appellees.

No. 04-4289

(D.C. No. 2:03-CV-1086 PGC)

(D. Utah)

### ORDER AND JUDGMENT*

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Joseph Curiale, proceeding pro se and *in forma pauperis*, appeals from the

district court's dismissal of his claims. He seeks injunctive relief under 42 U.S.C.

§ 1983, alleging that Defendants, Uintah County Sheriff Rick Hawkins and Chief

---

*After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Deputy Robert Vanderbusse, violated his civil rights. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. BACKGROUND

Mr. Curiale claims that Defendants violated his civil rights by (1) framing him for unnamed actions and having him committed to a mental hospital in 1996 and 1997 and (2) making threatening statements. He alleges that on December 15, 2003, Vanderbusse threatened him by saying, "Go in your house now or I'll take you in," Aplt. Br. at 3, and on October 9, 2003, Hawkins told him to "move out to Vernal City." *Id.*

Mr. Curiale's suit was referred to a magistrate judge, who recommended that Defendants' motion to dismiss be granted. The magistrate judge found that any claims relating to Mr. Curiale's 1996-97 commitment to the Utah State Mental Hospital were time-barred under Utah Code Ann. § 78-12-25(2) *See Arnold v. Duchesne County*, 26 F.3d 982, 985 (10th Cir. 1994); *Mismash v. Murray City*, 730 F.2d 1366, 1367 (10th Cir. 1984) ("[A]ll section 1983 claims brought in federal court in Utah are subject to the four-year limitations period provided in Utah Code Ann. § 78-12-25."). She also found that the alleged threats made by Defendants were "insufficient to state a claim upon which relief may be granted." R. Vol. I, doc. 50 at 4. *See Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) ("Verbal harassment or abuse [by law enforcement] . . . is

not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.").  The district court adopted the magistrate judge's Report and Recommendation and granted Defendants' motion to dismiss.

## II.  DISCUSSION

"We review de novo a district court's ruling on a motion to dismiss for failure to state a claim upon which relief can be granted.  Allegations in the plaintiff's complaint are presumed true."  *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) (internal citation omitted).  We also review de novo "the district court's application of the statute of limitations[.]"  *Van Tu v. Koster*, 364 F.3d 1196, 1198 (10th Cir. 2004).  In applying this standard, "[w]e construe a pro se litigant's pleadings liberally."  *Miller*, 948 F.2d at 1565.

On appeal Mr. Curiale restates the same claims under 28 U.S.C. § 1983, arguing that the magistrate judge was biased and unfair in recommending they be dismissed.  We find no error in either the magistrate judge's application of the statute of limitations to the claims based on Mr. Curiale's 1996-97 commitment or her recommendation to dismiss his claims that Defendants' statements violated his civil rights.  These unfavorable rulings are insufficient to demonstrate judicial bias.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Mr. Curiale also appeals the denial of his motions for appointment of counsel. "We review the denial of appointment of counsel in a civil case for an abuse of discretion." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). In determining whether to appoint counsel, the court should consider the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks*, 57 F.3d at 979 (internal quotation marks omitted). The magistrate judge concluded "that (1) it is not clear yet whether [Mr. Curiale] has asserted a colorable claim; (2) the issues involved are not complex; and (3) [Mr. Curiale] is able to adequately pursue this matter." R. Vol. I, doc. 31 at 2-3. We find no abuse of discretion in her denial of Mr. Curiale's motion to appoint counsel.

## III.  CONCLUSION

For substantially the same reasons set forth in the district court's November 17, 2004, Order and the magistrate judge's October 25, 2004, Report

and Recommendation, we AFFIRM.  Any pending motions are DENIED.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge