**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 7, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSEPH CURIALE,

        Plaintiff-Appellant,

v.

OLENE WALKER, GOVERNOR OF
UTAH,

        Defendant-Appellee.

No. 05-4054

District of Utah

(D.C. No. 2:04-CV-581-TC)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Joseph Curiale brought this action against Olene Walker, former governor

of Utah, pursuant to 42 U.S.C. § 1983. He alleged various violations of his civil

rights. Because we conclude that Mr. Curiale's claims are frivolous under 28

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 1915(e)(2)(B), we **AFFIRM** the judgment of the district court and dismiss the claim.

### I. Factual and Procedural Background

Mr. Curiale asserts various claims under 42 U.S.C. §1983. First, he claims former Governor Olene Walker "promoted and protected illegal corruption and prostitution of adults that allegedly use minors" and "should be considered responsible through the so-called 'chain of command' of having allowed corruption to run amuk [*sic*]" in Utah. Appellant's Br. 3. Second, Mr. Curiale claims his neighbors violate the privacy of his home and corrupt minors. Third, Mr. Curiale claims that the postal service discriminates against him by not delivering mail and packages regularly.

The Court granted Mr. Curiale's motion to proceed *in forma pauperis* on July 2, 2004 and on July 9, 2004, the district court judge referred the case to United States Magistrate Judge Samuel Alba pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Alba recommended that the district court dismiss the case for failure to state a claim upon which relief may be granted and for frivolousness, pursuant to 28 U.S.C. §1915(e)(2)(B). The district court adopted Magistrate Judge Alba's recommendation and dismissed the complaint. Mr. Curiale appealed.

## II. Standard of Review

"We review the district court's §1915(e) dismissal for abuse of discretion." *McWilliams v. Colorado*, 121 F.3d 573, 574-75 (10th Cir. 1997). Mr. Curiale is proceeding pro se, so "the court should construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). However, a "broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim can be based." *Id*.

## III. Discussion

On appeal, Mr. Curiale argues that the magistrate judge and the district court mistakenly dismissed his 42 U.S.C. §1983 claims. We affirm the dismissal because Mr. Curiale's claims are frivolous under 28 U.S.C. §1915(e)(2)(B). A court may dismiss an *in forma pauperis* claim at any time if the action or appeal "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). Frivolous suits include suits based on the alleged infringement of a legal interest which clearly does not exist. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Because Mr. Curiale alleges infringement

of non-existent legal interests, we affirm the district court's dismissal under §1915(e)(2)(B).

First, Mr. Curiale claims that Ms. Walker, acting in her official capacity as governor, promoted and protected the illegal corruption and prostitution of minors. However, he alleges no facts to support this claim, other than his belief that waitresses at a certain local restaurant are prostitutes. The connection between these two allegations is so tenuous that the claim is based on "fantastic or delusional scenarios" and was correctly dismissed as frivolous. *Neitzke*, 490 U.S. at 328.

Second, Mr. Curiale claims his neighbors regularly violate the privacy of his home. Mr. Curiale's fundamental right to privacy in his home is beyond question, *see, e.g.*, *Kyllo v. United States*, 533 U.S. 27, 31 (2001), but his claim is supported only by the observation that his neighbors, "step[p]ing into the drivers side of their pick-up van . . . [were] not minding their own business." R. Doc. 20 at 4. He alleges no facts that suggest a connection between Ms. Walker and his neighbors' actions. Mr. Curiale similarly alleges that his neighbors are corrupting children. Again, he presents no facts to support this allegation and makes no reference to Ms. Walker's involvement. Each of these claims was correctly dismissed because Mr. Curiale fails to allege a violation of a legitimate legal interest.

Finally, Mr. Curiale claims that the post office discriminated against him because his mail and packages were not consistently delivered to his house. Mr. Curiale also submitted a letter from the U.S. Postal Service stating that the postmaster suspended delivery due to Mr. Curiale's repeated threatening behavior, which may explain why he is not getting his mail. As with his other allegations, Mr. Curiale does not substantiate this claim and offers no connection to Ms. Walker. When last we checked, the Governor of Utah had no authority or responsibility with respect to the delivery of the U.S. mail. Thus, this claim was also rightfully dismissed under §1915(e)(2)(B).

We agree with Magistrate Judge Alba that "even when construing Plaintiff's claims liberally, the Court cannot decipher any legitimate federal claim, nor can the Court discern any tenable connection between the alleged claims and Defendant." R. Doc. 24 at 6. Therefore, the district court did not abuse its discretion by dismissing each claim under §1915(e)(2)(B), and the judgment of the United States District Court for the District of Utah is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge

-5-