**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 22, 2005**

**TENTH CIRCUIT**

JOSEPH CURIALE,

      Plaintiff-Appellant,

v.

EDWIN PETERSON, Uintah County
Attorney; DUSTIN CHESIRE, Uintah
County Deputy,

      Defendants-Appellees.

No. 05-4075
(D.C. No. 2:04-CV-1154-TC)
(Utah)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Joseph Curiale, proceeding *pro se* and *in forma pauperis*, filed a civil

complaint against various Utah state officials alleging violations under 42 U.S.C.

§ 1983, § 1985, and state laws. The district court dismissed the case without

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

prejudice pursuant to a prior district court order imposing filing restrictions on Mr. Curiale. Construing his complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), we affirm.

On January 27, 2005, Chief Judge Dee Benson of the United States District Court for the District of Utah ordered that Mr. Curiale be "enjoined from filing any motions, *including new actions*, in District Court *without leave* of the Chief Judge of the District." Rec., doc. 8 at 1. The order further directed that "any filing submitted without leave of the Chief Judge of the Court . . . may be dismissed in the discretion of the presiding judge." *Id.* Mr. Curiale was placed on the district court's "Restricted Filer List," effective December 8, 2004.

Mr. Curiale did not seek leave of Chief Judge Benson to bring the current law suit. In dismissing the case, the district court stated:

> Because Mr. Curiale's action in the above-captioned matter was filed after December 8, 2004, and because there is no evidence in the record that Chief Judge Benson provided leave to Mr. Curiale to file this matter, the court, in its discretion, hereby dismisses the case without prejudice. If Mr. Curiale wishes to re-file his action, he must obtain leave from Chief Judge Benson first.

*Id.* at 1-2.

As best we can discern from Mr. Curiale's handwritten brief, he is appealing because he claims his suit is justified and he seeks review of the merits of his case, as well as appointment of legal counsel and a preliminary injunction. If Mr. Curiale's intent on appeal is to dispute the district court's filing

restrictions, the appropriate channel for review was an appeal from the order itself that established the restrictions. *See Werner v. Utah*, 32 F.3d 1446, 1448 (10th Cir. 1994). In addition, under 28 U.S.C. § 1915(e)(2)(B), we may dismiss a case if we determine the appeal is frivolous or fails to state a claim on which relief may be granted. On review of the record on appeal, we have determined that Mr. Curiale has made only conclusory and frivolous allegations which are unsupported by facts and do not merit reversal of the district court's decision in the instant action.

Mr. Curiale alleges that defendants violated his civil rights by conspiring to frame him, threatening to have him committed to a mental institution, seeking discovery against him that besmirched his character, infringing on his freedom in an unnamed manner in 1996 and 1997, and conspiring with his neighbors to corrupt children and invade his privacy. Several of Mr. Curiale's claims are similar to those he recently raised unsuccessfully before this court. *See Curiale v. Walker*, No. 05-4054, 2005 WL 1332350, at *1-2 (10th Cir. June 7, 2005) (finding legally frivolous and conclusory Mr. Curiale's claims that Governor of Utah promoted and protected illegal corruption and prostitution of minors and that neighbors violated privacy of his home and corrupted minors); *Curiale v. Hawkins*, No. 04-4289, 2005 WL 1181145, at *1 (10th Cir. May 19, 2005) (affirming as time-barred and insufficient Mr. Curiale's claims that Uintah

County Sheriff and County Deputy framed him for unnamed actions and had him committed to mental institution in 1996 and 1997, and that County Deputy threatened him by saying "Go in your house now or I'll take you in."). As in *Walker*, Mr. Curiale has made only conclusory and frivolous allegations in this case. He has presented no facts or legal arguments to demonstrate how defendants conducted any conspiracies, what threats they made, if any, and the nature of the alleged discovery violations. To the extent he seeks to raise claims we have decided previously, he is barred from doing so.

We **DISMISS** Mr. Curiale's case as frivolous under § 1915(e)(2)(B), and **DENY** his request for appointment of counsel.

SUBMITTED FOR THE COURT

Stephanie K. Seymour
Circuit Judge