**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 31, 2005**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JOSEPH CURIALE,

      Plaintiff-Appellant,

v.

JACK POTTER, United States
Postmaster General, and UNITED
STATES POSTAL SERVICE,

      Defendant-Appellees.

No. 05-4130
(D.C. No. 2:04-CV-971 TC)
(District of Utah)

---

ORDER AND JUDGMENT[*]

---

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

---

Joseph Curiale, without stating under what law he brings his claims, alleges

that the United States Postal Service ("USPS") "besmirched [his] honourable

characterability," and discriminated against him and his wife on the basis of an

unnamed disability. He seeks $2,999,000.00 in damages. The district court

reviewed Curiale's complaint and dismissed under 28 U.S.C. § 1915, determining

---

[*]The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

that he had failed to state a claim for which relief may be granted. Curiale appeals. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we **AFFIRM** the dismissal for substantially the same reasons as the district court.

Curiale does not state the factual basis for his claims on appeal. The complaint, although confusing and difficult to read, appears to indicate that the mail carriers in Vernal, Utah, will not deliver packages directly to his door based on an incident involving Plaintiff at a Post Office. The allegations are the same as those underlying his appeal before this court last month in Curiale v. Walker, 2005 WL 1332350 C.A.10 (June 07, 2005). In that case, in which the defendant was the former governor of Utah, we dismissed because "last we checked, the Governor of Utah had no authority or responsibility with respect to the delivery of the U.S. mail." Curiale 2005 WL 1332350 at *2. The defendant before us in this case is the USPS, which does have substantial authority and responsibility with respect to the delivery of the U.S. mail. We proceed therefore to the merits of Curiale's claim.

Curiale submitted to the district court a letter from the U.S. Postal Service stating that the postmaster suspended delivery due to Curiale's repeated threatening behavior. An exhaustive search of relevant postal regulations and directives led us to Section 623.3 of the Postal Operations Manual ("POM"),

entitled "Withdrawal of Delivery Service: Safety or Security."  That Section

provides, in its entirety:

> Delivery service may be suspended when there is an immediate threat
> (including, but not limited to, threats due to loose animals) to the
> delivery employee, mail security, or postal property. Suspension of
> service should be limited to an area necessary to avoid the immediate
> threat. Postmasters should request corrective action from responsible
> parties and restore normal service as soon as appropriate.

United States Postal Service, Postal Operations Manual, Issue 9, § 623.3 (2002).

There is no reason to think that this directive was applied unfairly to

Curiale.  At most, he alleges that its neutral application inconvenienced him

particularly because of his disability.  We note that the Supreme Court has a long

jurisprudence emphasizing the importance of protecting the honor and bodily

integrity of our nation's mail carriers.  As early as the nineteenth century, the

Court noted:

> [I]f the President or the Postmaster General is advised that the mails
> of the United States, possibly carrying treasure, are liable to be
> robbed and the mail carriers assaulted and murdered in any particular
> region of the country, who can doubt the authority of the President or
> of one of the executive departments under him to make an order for
> the protection of the mail and of the persons and lives of its
> carriers . . . with a posse comitatus properly armed and equipped, to
> secure the safe performance of the duty of carrying the mail wherever
> it may be intended to go?

In re Neagle, 135 U.S. 1, 65 (1890).[1]

---

[1]  Although the USPS is now an independent agency operated by an

(continued...)

If the executive may provide for a posse comitatus – properly armed and equipped – to secure the safe performance of mail-carrying, a fortiori we cannot "doubt the authority" of the USPS to make a much more modest order such as the one in this case. Furthermore, we, in the absence of any evidence to the contrary, decline to call into doubt the legitimacy of the USPS's determination that Curiale posed a threat to the persons of its carriers. We note that the agency in its letter to Curiale did suggest that Curiale take corrective action, as required by the POM.

The district court concluded that even "constru[ing] his pleadings liberally . . . the complaint must be dismissed for failure to state a claim on which relief may be granted." Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss a case at any time it determines that an action is frivolous or malicious or fails to state a claim on which relief may be granted. We review a district court's § 1915(e) determination for abuse of discretion. McWilliams v. Colorado, 121 F.3d 573, 574-75 (10th Cir. 1997). We conclude that the district court did not abuse its discretion by dismissing Curiale's claim under § 1915(e)(2)(B), and the

---

[1](...continued)
autonomous public corporation, it is still a constitutionally provided-for government agency, see U.S. Const., art. I, § 8, cl. 7, and Neagle thus remains relevant precedent.

judgment of the district court is **AFFIRMED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge