NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0398n.06
Filed: July 1, 2008

No. 07-5234

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DAVID WAYNE BAKER,

      Plaintiff-Appellant,

v.

MICHAEL B. MUKASEY, et al.,

      Defendants-Appellees.

_____/

On appeal from the United States
District Court for the Eastern District
of Kentucky

BEFORE:    RYAN, SILER, and COLE, Circuit Judges.

      RYAN, Circuit Judge.    The plaintiff, David Wayne Baker, a federal prison inmate, alleges that the defendants, who include his warden, two prison mail clerks, and "unknown John Does," violated his First and Fifth Amendment rights by opening his "legal" mail outside his presence and by refusing him access to sexually explicit magazines. The district court dismissed Baker's complaint because all of his claims were barred either by the statute of limitations or because Baker failed to exhaust administrative remedies.

      We will reverse and remand for further proceedings.

**I.**

      In December 2001, Baker pleaded guilty to receiving and possessing child pornography, and the district court sentenced him to 135 months' imprisonment. In 2005, while incarcerated at the Federal Correctional Institution in Ashland, Kentucky, Baker filed a civil rights action against prison authorities, pursuant to the doctrine announced in Bivens

v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  His

complaint alleged, inter alia, 1) that prison officials "opened []and presumably read and/or

copied" his legal mail, in violation of his First and Fifth Amendment rights, and 2) that 28

U.S.C. § 530C(b)(6)'s prohibition against the Bureau of Prisons (BOP) expending funds to

distribute sexually explicit materials to prisoners in federal custody violated his First

Amendment rights.  The district court screened the complaint pursuant to 28 U.S.C. §§

1915(e)(2) and 1915A and dismissed it without prejudice for Baker's failure to exhaust

administrative remedies, as required by 42 U.S.C. § 1997e(a).

On June 6, 2006, Baker reinitiated his complaint, raising identical issues.  Again, the

district court screened Baker's complaint and dismissed his claims as barred either by the

applicable statute of limitations or for failure to administratively exhaust the claims.  The

district court also determined that Baker failed to state a claim upon which relief could be

granted.

## II.

We review de novo a district court's screening process under 28 U.S.C. §§

1915(e)(2) and 1915A.  McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997).  A

district court may dismiss a case at any time if it determines the action is frivolous or

malicious, or it fails to state a claim upon which relief can be granted.  28 U.S.C. §

1915(e)(2).

Because the plaintiff's complaint was dismissed sua sponte, the defendants have

not filed any opposition papers in the district court or in this court and did not request oral

argument.  We decide the case on the lower court record and the plaintiff's appellate brief.

## III.

For purposes of determining applicable statutes of limitations in Bivens actions, we apply the most analogous statute of limitations from the state where the events giving rise to the claim occurred. Baker's claims arose in Kentucky, and therefore, a one-year statute of limitations applies. Ky. Rev. Stat. Ann. § 413.140(1)(a); Mitchell v. Chapman, 343 F.3d 811, 825 (6th Cir. 2003). The Prison Litigation Reform Act of 1995 (PLRA) requires prisoners to exhaust all available prison grievance procedures before filing suit in federal court. 42 U.S.C. § 1997e(a); see also Woodford v. Ngo, 548 U.S. 81 (2006).

Baker argues that the district court erred when it dismissed his claims that prison officials opened his "legal" mail outside his presence. Baker filed his reinitiated complaint on June 6, 2006, alleging twenty-four instances between August 20, 2003 to February 21, 2006, where prison officials opened his mail from various courts, out of his presence. The district court correctly determined that twenty of the claims, or those occurring between August 20, 2003 and November 29, 2004, were statutorily barred. Baker's "continuing violations" and equitable tolling arguments doctrine are unpersuasive. Moreover, Baker never raised these issues in the district court, and we decline to address them now. See Noble v. Chrysler Motors Corp., Jeep Div., 32 F.3d 997, 1002 (6th Cir. 1994).

The district court dismissed the remaining four legal mail allegations for failure to exhaust, based on the fact that Baker provided records of grievances filed on November 20, 2003, but none thereafter.

Prior to the Supreme Court's decision in Jones v. Bock, 549 U.S. 199 (2007), we required a prisoner to plead exhaustion on the face of his complaint in order to avoid dismissal. See Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998), abrogated by Jones, 549 U.S. 199. Now, all circuits must treat failure to exhaust as an affirmative

defense and "inmates are not required to specially plead or demonstrate exhaustion in their complaints," Jones, 549 U.S. at ___.  Therefore, the district court erred by dismissing Baker's complaint on procedural grounds, because, pursuant to Jones, Baker need not allege exhaustion in his complaint.

Next, Baker argues the district court erred in dismissing his claims regarding access to sexually explicit magazines.  Baker alleged two instances in which he requested and was denied subscriptions to sexually explicit magazines.  The first instance occurred on March 15, 2004.  The district court correctly dismissed that allegation as barred by the one-year statute of limitations.  The second instance occurred on March 14, 2006.  Again, the district court erred in dismissing this claim sua sponte for failure to exhaust administrative remedies because Baker was not required to plead exhaustion, and the government was not provided an opportunity to assert the affirmative defense.

## IV.

Alternatively, the district court dismissed Baker's complaint under § 1915(e)(2), for failure to state a claim upon which relief could be granted.  Dismissal is proper when, accepting all well-pled factual allegations as true, and  construing the complaint in the light most favorable to the claimant, the claimant can prove no set of facts that would entitle him to relief.  Herron v. Harrison, 203 F.3d 410, 414 (6th Cir. 2000).

Baker alleges that prison officials opened and read his constitutionally protected legal mail outside his presence.  BOP regulations require that legal mail be "adequately identified on the envelope, and the front of the envelope [] marked 'Special Mail—Open only in the presence of the inmate.'" 28 C.F.R. § 540.18.  But in Sallier v. Brooks, 343 F.3d 868 (6th Cir. 2003), we held "that mail from a court constitutes 'legal mail' and cannot be

opened outside the presence of a prisoner who has specifically requested otherwise." Id. at 873, 877.  Regardless of whether we would ultimately conclude that Sallier did not invalidate the BOP mail regulations, Baker at least presented a statement of an actionable claim pursuant to Fed. R. Civ. P. 8.

Baker's remaining claim is that the Ensign Amendment, 28 U.S.C. § 530C(b)(6), which states that no federal funds "may be used to distribute or make available to a prisoner any commercially published information or material that is sexually explicit or features nudity," is unconstitutional.  While our sister circuits have upheld the Ensign Amendment against similar First Amendment challenges, see, e.g., Amatel v. Reno, 156 F.3d 192 (D.C. Cir. 1998), it is a matter of first impression with this court and now is not the time to decide the question.  Even if we ultimately concur with our sister circuits, Baker presented a sufficient statement of his claim to permit his lawsuit to proceed.

## V.

We **REVERSE** the decision of the district court and **REMAND** for further proceedings.