CLAY, Circuit Judge,
concurring.
While I agree with the majority’s decision to affirm the dismissal of Plaintiffs’ suit, I write separately to clarify errors in the district court’s choice of law analysis and to highlight substantial issues regarding interstitial law in federal civil rights suits that remain unanswered by this panel’s decision.
The district court correctly concluded that we must look first to state law in answering the survivorship question at issue in this case.[1] The district court also accurately identified the choice of law issue that arose as a result. However, for whatever (presumably strategic) reason, Plaintiffs placed all their eggs into the basket of arguing that federal law applies, leaving the district court adrift to decide the choice of law question. Although the district court did an admirable job wading through this difficult subject matter without the benefit of adequate briefing by either party, the court nevertheless committed several errors in its analysis that merit clarification.
The laws of at least three states could apply to the facts of this case: Ohio, Michigan, and Illinois. Under Michigan and Illinois law, Plaintiffs’ suit clearly would have survived, whereas the issue (as explained further below) is somewhat more problematic under Ohio’s survivorship statute. See Haggard v. Stevens, No. 2:09-cv-1144, 2010 WL 3658809, at *8 (S.D.Ohio Sept. 14, 2010).
In deciding which state’s law to apply, the district court cited this Court’s decision in Baker v. Mukasey, 287 Fed.Appx. 422, 424 (6th Cir.2008), for the proposition that we apply the law of the state “where the events giving rise to the claim occurred.” Haggard, 2010 WL 3658809, at *7 (emphasis added). The district court then compared Baker’s “events giving rise” rule against the decisions of other courts that have faced similar choice of law questions in federal civil rights actions. Id. Although those courts concluded that it is the law of the forum state which controls, the district court reasoned that Baker was “consistent” with their approach. Id. Relying on this analysis, the district court adopted Baker’s language and concluded that “for various Bivens issues arising in this Circuit, the law of the state where the events giving rise to the claim occurred will control.” Id.
*719 Unfortunately, the district court failed to draw the distinction that the forum state is not always the same state as that where “the events giving rise” to the claim arose. Part of the district court’s confusion might be attributable to the fact that, depending on the jurisdiction, some courts refer to the rule as “the law of the forum state” and others “the law where the case arose.” See Van Tu v. Koster, 364 F.3d 1196, 1198 (10th Cir.2004). This inconsistency has required at least one of our sister circuits to clarify that a case arises in its forum state, even if the “events giving rise” to the action occurred elsewhere. Id. (emphasis added).
To the extent Baker blurs this distinction, the case is a classic expression of the confusion addressed by the Tenth Circuit in Van Tu. Moreover, Baker also contradicts precedents established by this Circuit and the Supreme Court that clearly hold that the law of the forum state supplies the interstitial rule in a federal civil rights suit. See Jaco v. Bloechle, 739 F.2d 239, 245 (6th Cir.1984) (forum state); Hall v. Wooten, 506 F.2d 564, 567 (6th Cir.1974) (forum state); Wallace v. Kato, 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007) (“the law of the State in which the cause of action arose”). Accordingly, Baker is incorrect as a matter of law, and the district court should have held that we look first to the law of the forum state — here, Ohio — to supply the rule for this case’s interstitial survivorship question.[2]
Even so, Plaintiffs failed to capitalize on two additional avenues that arguably might have saved their suit even under the forum state rule. Because Plaintiffs ignored these arguments, I agree with the majority that dismissal is the appropriate result. However, I highlight the following issues if only to make clear that they remain unanswered by this panel’s decision.
First, Plaintiffs could have argued that, although we must first look to the law of the forum state, that rule does not necessarily stand when the parties claim that the interests of states other than the forum state are implicated by the action. Several federal courts, including two circuit courts, have looked beyond the rule of the forum state and applied standard federal conflict of law principles when the parties have disputed which state’s law to apply in a federal question suit. See Berger v. AXA Network LLC, 459 F.3d 804, 809-10 (7th Cir.2006) (quoting Resolution Trust Corp. v. Chapman, 29 F.3d 1120, 1124 (7th Cir.1994), for the “general maxim that, when state law is borrowed in a federal question suit, the choice of ‘which [state] law to select is itself a question of federal law1 ”); Gluck v. Unisys Corp., 960 F.2d 1168, 1179 (3d Cir.1992) (holding that if “a statute of limitations of a state other than the forum state is implicated in the litigation of a federal claim, then federal, not state, choice of law principles” govern); Coffey v. United States, Nos. 08-0588, 09-0028, 2011 WL 6013611, at * 19 n. 43 (D.N.M. Nov. 28, 2011) (applying Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), in a § 1983 claim arising within a Native American territory that could have triggered either federal or New Mexico’s statute of limitations periods). Under this theory, Plaintiffs could have argued that, regardless of the forum state’s rule, Michigan or Illinois law was the correct state to supply the survivorship rule given the facts of the case and our federal conflicts of law jurisprudence.
Second, even if the forum state was the correct choice to supply the survivorship *720 rule, Plaintiffs could have more forcefully argued that Ohio’s survivorship law does not extinguish their claims. The district court adopted the government’s argument that because Ohio’s “injuries to the person” definition limits survival to claims of physical injury, the claims of financial injury in this case must therefore extinguish after the defendant’s death. Haggard, 2010 WL 3658809, at *9 (citing Witcher v. Fairlawn, 113 Ohio App.3d 214, 680 N.E.2d 713, 715 (1996)).
The district court’s analysis rests on the assumption that physical and non-physical claims are always easily distinguishable. However, that assumption fails to recognize that Bivens and § 1983 actions “comprehend a wide variety of claims — from discrimination in public employment to illegal arrests and searches to violations of freedom of speech or religion — many of which lack precise analogies in state law.” Fallon, et al., Hart and Wechsler’s The Federal Courts and The Federal System, 760-61 (5th ed. 2003).
On matters which define the substance of a federal civil rights claim, the Supreme Court has indicated that this Court should not look to state law, but instead should apply “a simple, broad” rule “best characterizing]” all § 1983 and Bivens claims as “general” personal injury actions. See Wilson v. Garcia, 471 U.S. 261, 272, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The intent underlying the Court’s instruction in Wilson was to ensure ease of application and to avoid defining our federal civil rights actions by virtue of disparate state law counterparts. See also Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) (applying a state’s residual statute of limitations for personal injury actions, rather than using the state’s more specific rules for enumerated injury actions such as assault, battery, and false imprisonment).
In this case, the line between a physical and non-physical injury is relatively clear. However, one can easily imagine a suit, for instance an illegal arrest claim, where that line would be less distinct. To the extent that Ohio’s physical injury rule would threaten to transmute the substance of the federal civil rights action itself, Wilson and Owen would caution against the importation of state law. Compare Medina v. Pacheco, No. 97-2013, 1998 WL 647784, at *5 n. 9 (D.N.M. Sept. 14,1998) (examining a similar state survivorship action that limited survivorship depending on whether the suit was based in negligence or intentional tort); see also Jaco, 739 F.2d at 245 (finding that “where [ ] the survival statutes of the forum state are hostile to promoting deterrence, protection and vindication against [] § 1983 civil rights infringements ... the federal court must implement the congressional intent by allowing survival”). Under this theory, Plaintiffs could have argued that, even if Ohio’s survivorship law applied, the state’s physical injury restriction did not.
In any event, Plaintiffs did not pursue these thorny issues, and we need not resolve them to decide this case. Accordingly, I leave them for another day.

. In addition to the majority's analysis, the Rules of Decision Act also suggests that we should look first to state law to fill such gaps, unless federal law or policy would suggest doing otherwise. See 28 U.S.C. § 1652. (“The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply.”) Although the Rules of Decision Act is more typically cited in diversity cases, as essentially the statutory enactment of the Erie doctrine, at least two Supreme Court Justices have suggested that the Act also supports looking first to state law when filling interstitial gaps. See Int’l Ass'n of Machinists and Aerospace Workers v. Tennessee Valley Auth., 108 F.3d 658, 662 n. 5 (1997) (citing Agency Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143, 158, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987) (Scalia, J., concurring in the judgment) and DelCostello v. Int’l Bhd. of Teamsters, 462 U.S. 151, 173, 103 S.Ct. 2281, 76 L.Ed.2d 476 (Stevens, J„ dissenting)).

. As part of its analysis, the district court also incorrectly asked whether venue was appropriate. Venue and forum are separate concepts which ought not be conflated.