**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 18, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PETER GEORGACARAKOS,

      Plaintiff-Appellant,

v.

WILEY; CRUZ; JAVERNICK;
COLLINS; SUDLOW; MADISON;
CHURCH; HEIM; MARTINEZ;
FENLON; PUGH; HOOD;
HERSCHBERGER; BUREAU OF
PRISONS; DEPARTMENT OF
JUSTICE; UNITED STATES OF
AMERICA; D. CLARK,

      Defendants-Appellees.

No. 12-1425
(D.C. No. 1:07-CV-01712-RBJ-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **ANDERSON**, and **MATHESON**, Circuit Judges.
_____

Peter Georgacarakos, a federal prisoner, filed this pro se action raising a

variety of claims against the Federal Bureau of Prisons (BOP), the United States

_____

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Department of Justice, the United States, and numerous prison officials and employees (collectively, "the government"). The district court entered judgment for the government and Mr. Georgacarakos appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

### *Background*

Mr. Georgacarakos was convicted of second-degree murder of a fellow inmate and sentenced to thirty years' imprisonment. Due to his involvement with the murder, he was sent to the United States Penitentiary, Administrative Maximum ("ADX") in Florence, Colorado, and placed in its highly-restrictive control unit. Several Muslim inmates who were also involved with the murder were transferred to ADX's control unit at the same time as Mr. Georgacarakos. They were all released from the control unit in 2003. Thereafter, the Muslim inmates were apparently transferred to medium-security institutions, while Mr. Georgacarakos remained housed in a general population unit at ADX.

In 2007, Mr. Georgacarakos filed this lawsuit, arguing that under BOP regulations he is eligible for assignment to a less-restrictive facility, that his conditions of confinement are unconstitutional, and that various other discrete acts, discussed below, violated his constitutional rights. Over the course of more than four

- 2 -

years, the district court issued a handful of lengthy rulings, thoroughly analyzing and ultimately rejecting every claim raised by Mr. Georgacarakos.[1]

As is relevant here, the district court granted in part the government's first motion for summary judgment, denying Mr. Georgacarakos relief on his claims related to his security classification level, the conditions of his confinement, deliberate indifference to his medical needs, the use of excessive force against him, and a policy banning receipt of publications from certain sources. The court also granted the government's second motion for summary judgment, rejecting Mr. Georgacarakos's due process claim stemming from the destruction of his religious property, and his due process and First Amendment claims pertaining to his expulsion from ADX's step-down program. This left one remaining claim: that Mr. Georgacarakos was denied equal protection based on his religion (Paganism) when other allegedly similarly-situated inmates (the Muslim inmates mentioned above) were transferred from ADX to lower-security facilities earlier than Mr. Georgacarakos. The government filed a third motion for summary judgment addressing this issue.

---

[1] *See Georgacarakos v. Wiley*, No. 07-cv-01712-RBJ-MEH, 2012 WL 5053730, (D. Colo. Oct. 18, 2012); *Georgacarakos v. Wiley*, No. 07-cv-01712-RBJ-MEH, 2012 WL 831405 (D. Colo. Mar. 12, 2012); *Georgacarakos v. Wiley*, No. 07-cv-01712-RBJ-MEH, 2012 WL 850430 (D. Colo. Feb. 1, 2012); *Georgacarakos v. Wiley*, No. 07-cv-01712-MSK-MEH, 2011 WL 940803 (D. Colo. Mar. 16, 2011); *Georgacarakos v. Wiley*, No. 07-cv-01712-MSK-MEH, 2010 WL 1291833 (D. Colo. Mar. 30, 2010); *Georgacarakos v. Wiley*, No. 07-cv-01712-MSK-MEH, 2008 WL 4216265 (D. Colo. Sept. 12, 2008).

On February 1, 2012, a magistrate judge, finding Mr. Georgacarakos's equal protection claim time-barred, recommended that the government's third motion for summary judgment be granted. Specifically, the magistrate judge observed that Mr. Georgacarakos's equal protection claim was brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), that he filed this action on August 7, 2007, and that any claims accruing before August 7, 2005, were barred by the applicable two-year statute of limitations. Next, the magistrate judge found that the Muslim inmates who were transferred out of ADX were moved between January and March 2003, and that Mr. Georgacarakos "would have known or discovered" this fact shortly after his own release from ADX's control unit in April 2003—well outside the applicable statute of limitations. *Georgacarakos,* 2012 WL 850430, at \*7; *see also Van Tu v. Koster*, 364 F.3d 1196, 1199 (10th Cir. 2004) ("Under federal law, the statute of limitations on a *Bivens* claim begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." (internal quotation marks omitted)). The magistrate judge further found no basis for equitable tolling of the statute of limitations. Shortly thereafter, the district court adopted and affirmed the magistrate judge's February 1 recommendation.

Notably, and despite the magistrate judge's February 1 admonition "that all parties shall have fourteen (14) days after service hereof to serve and file any written

objections," *Georgacarakos*, 2012 WL 850430, at \*1 n.2,[2] Mr. Georgacarakos did not file timely objections.[3]  Instead, he filed a letter on February 21, indicating that he had been in transit between correctional facilities since January 20.  He also asked the court to continue all matters in his case for thirty days, and he gave notice of his new address.  The court, taking into account Mr. Georgacarakos's movement between facilities, granted him an additional fourteen days from February 22 (until March 7) to file objections.

On March 19, Mr. Georgacarakos finally filed objections, which the district court rejected as untimely and moot.  Undeterred, he filed a Motion for Court to Consider Duly Submitted Objections to the Recommendations of the Magistrate Judge, which the district court construed as a Fed. R. Civ. P. 59(e) motion to alter or amend judgment and denied.

---

[2]     The magistrate judge further advised:

> A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations.  Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.

*Georgacarakos*, 2012 WL 850430, at \*1 n.2 (citations omitted).

[3]     Pursuant to the time-computation rules, Mr. Georgacarakos's objections were initially due on February 21.  *See* Fed. R. Civ. P. 5(b)(2)(c); *id.* 6(a)(1), 6(a)(6), 6(d).

This appeal followed.[4]  We review the district court's grant of summary

judgment de novo, *Rezaq v. Nalley*, 677 F.3d 1001, 1010 (10th Cir. 2012), and its

denial of a Rule 59(e) motion for abuse of discretion, *Barber ex rel. Barber v. Colo.*

*Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009).

### *Discussion*

Mr. Georgacarakos first argues that the district court failed to consider his

"timely filed objections" to the magistrate judge's recommendation to grant the

government's third motion for summary judgment.  Aplt. Br. at 3.  He maintains that

he was being transferred from one prison to another when the magistrate judge issued

the recommendation, and he complains that he asked for an additional thirty days but

was given only fourteen.  He also asserts that "it takes 14 days just to get from

institution to institution in the BOP . . . and . . . it was impossible for him to comply"

with the extended deadline.  *Id.*  This argument is a non-starter.  As detailed above,

the record unequivocally demonstrates that Mr. Georgacarakos failed at the outset to

timely object to the magistrate judge's recommendation.  And this court has adopted

a firm waiver rule, under which a party who fails to timely object to the findings and

recommendations of the magistrate judge "waives appellate review of both factual

and legal questions."  *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008)

---

[4]     We liberally construe Mr. Georgacarakos's pro se arguments.  *United States v.*
*Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).  Having considered his notice of appeal
and appellate brief, it appears that he intends to challenge the district court's final
judgment (albeit with respect to his equal protection and due process claims only)
and the denial of his Rule 59(e) motion.

(internal quotation marks omitted). This rule applies unless "(1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or . . . (2) the interests of justice require review." *Id.* (internal quotation marks omitted). Neither exception applies here.

The magistrate judge's recommendation clearly informed Mr. Georgacarakos of the time period for objecting and the consequences of failing to object. "Thus, he cannot avail himself of the first exception to the waiver rule." *Id.* at 1238. Additionally, the "interests of justice" do not favor review. Under this exception, we consider "a *pro se* litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Id.* (internal quotation marks omitted). The first two considerations weigh against Mr. Georgacarakos. Even after he was given a fourteen-day extension to file objections, he did not file objections until March 19—nearly two weeks after his extended deadline. Nor are we persuaded that the third consideration, which we review under a plain-error analysis, is relevant, because Mr. Georgacarakos has not demonstrated plain error vis-a-vis the district court's resolution of his equal protection claim. Moreover, the district court did not abuse its discretion in denying Mr. Georgacarakos's post-judgment motion, finding no clear error or manifest injustice meriting Rule 59(e) relief. *Cf. Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("[A Rule 59(e) motion] is not appropriate to revisit

- 7 -

issues already addressed or advance arguments that could have been raised in prior briefing").

The second and final issue Mr. Georgacarakos raises on appeal is that "this case was not suitable for summary judgment resolution." Aplt. Br. at 3. But, despite a few passing references to due process, the thrust of his argument is that he was denied equal protection. And, as we determined above, the firm-waiver rule bars any challenge to this claim. Additionally, his failure to challenge the balance of the claims adjudicated by the district court waives review. *Herrera-Castillo v. Holder*, 573 F.3d 1004, 1010 (10th Cir. 2009).

### *Conclusion*

Mr. Georgacarakos's motion for leave to proceed without prepayment of costs and fees is granted. He is reminded that he is obligated to continue making partial payments until the entire obligation is paid. The judgment of the district court is affirmed.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge