In re Antonio Rivera TORRES, Sofia
Villata Sellan, Debtors.

No. 92–05406 (GAC).

United States Bankruptcy Court,
D. Puerto Rico.

Oct. 9, 2007.

Irving K. Hernandez, Irving K. Hernandez Valls, San Juan, PR, for Debtors.

*DECISION AND ORDER*

GERARDO A. CARLO, Bankruptcy Judge.

Before the Court is a motion by the United States to vacate a final judgment, awarding the debtors compensatory damages for travel expenses incurred seeking to remedy a violation of the discharge injunction by the Internal Revenue Service ("IRS"). For the reasons set forth below, the motion will be granted.

The debtors filed a voluntary petition under Chapter 7 on September 1, 1992. They obtained their discharge on January 20, 1993 (dkt.# 21). On March 18, 1997, while the case was still open, the debtors filed a motion requesting that an order to show cause be issued to the IRS as to why it should not be held in contempt for violation of the discharge injunction (dkt.# 53). The IRS opposed the debtors' request (dkt.# 62) and the debtors filed a reply (dkt.# 68).

The IRS filed a motion for summary judgment (dkt.# 82). The debtors opposed the motion and filed a cross-motion for summary judgment (dkt.# 89), which the IRS opposed (dkt.# 92). After a hearing, at which the IRS agreed that it could be held liable for compensatory damages, the Court issued a Decision and Order concluding that the IRS had willfully violated the discharge injunction and that the Court could award damages, excluding punitive damages, against the IRS pursuant to 11 U.S.C. § 105 (dkt.# 101). The Court concluded that 11 U.S.C. § 106 waives the IRS's sovereign immunity with respect to § 105. The court also determined that the debtors were entitled to actual damages, including out of pocket expenses, transportation costs, loss of income and emotional damages, if any.

Thereafter, the Court held a hearing on damages related to the IRS's willful violation of the discharge injunction. The Court issued a partial bench ruling granting $4,000.00 for travel expenses and $5,000.00 in damages for emotional distress suffered by debtor, Antonio Rivera Torres (dkt.# 114). The co-debtor, Sofia

Villata Sellan, was unable to testify and the parties agreed to allow the Court to consider her deposition as evidence of damages. Thereafter, the Court issued a Decision and Order granting Sofia Villata $5,000.00 in emotional damages (dkt.# 126).

The IRS appealed only the Court's determination of emotional damages, contending that a taxpayer cannot collect emotional distress damages against the United States and that actual damages do not encompass emotional distress damages (dkts. # 117, # 120, # 129 and # 133). The debtors filed a cross-appeal, claiming that the Court erred in denying the debtors attorney's fees and costs (dkts. # 118 and # 131).

The Bankruptcy Appellate Panel for the First Circuit issued a decision affirming as to the damages for emotional distress and reversing as to the denial of attorney's fees and costs. The IRS appealed the award of emotional distress damages to the First Circuit Court of Appeals. The IRS did not appeal the BAP's determination that it was liable for attorney's fees and costs. The First Circuit reversed the bankruptcy court decision as to the award of damages for emotional distress, concluding that Congress had not waived the federal government's sovereign immunity for emotional distress damages as a contempt sanction for violation of the discharge injunction. *In re Rivera Torres*, 432 F.3d 20 (1st Cir.2005). The First Circuit noted that:

> The BAP erred when it concluded the government had waived its arguments for immunity by not raising particular arguments in the bankruptcy court or to it. The rule is that the defense of sovereign immunity cannot be waived in litigation. *See United States v. United States Fid. and Guar. Co.*, 309 U.S. 506, 513, 60 S.Ct. 653, 84 L.Ed. 894 (1940); *Dep't of the Army v. Fed. Labor Rela-*

> *tions Auth.*, 56 F.3d 273, 275 (D.C.Cir. 1995); *see also Irving v. United States*, 162 F.3d 154, 159–61 (1st Cir.1998)(en banc)(holding that the government cannot waive or forfeit an argument that the discretionary function exception to the Federal Tort Claims Act (FTCA) should apply).

*Id.* at 23 n. 3.

The First Circuit indicated that it was reluctant to consider whether "money recovery" equates with money damages. *In re Rivera Torres*, 432 F.3d at 29. Throughout the opinion, the Court concluded that the waiver of sovereign immunity must be strictly construed, explicit, definitive, unequivocally expressed and unambiguous. In considering the legislative history of § 106, the Court concluded that Congress intended to abrogate two Supreme Court cases which held that § 106, as previously enacted, did not waive sovereign immunity for "classic recovery of moneys already paid to the United States that the estate wished to recover." *Id.* at 31. The First Circuit limited the scope of the decision to concluding that "sovereign immunity bars awards for emotional distress damages against the federal government under § 105(a) for any willful violation of § 524, and that immunity is not waived by § 106." *Id.*

In a concurring opinion, Torruella, J., reached broader conclusions. The concurrence distinguished between an action at law for damages and an equitable action for specific relief, concluding that the waiver of sovereign immunity found in 11 U.S.C. § 106(a)(3), does not equate with a claim for money damages. The concurring opinion indicates that "recovery of specific property or monies wrongfully taken, could still be awarded against the government even where 'money damages' were unavailable." *Id.* at 33 *(citing Bowen v. Massachusetts*, 487 U.S. 879, 108 S.Ct.

2722, 101 L.Ed.2d 749 (1988)). Thus, it is equally plausible that the term "money recovery" applies only to claims for specific relief or that it includes monetary damages. *In re Rivera Torres*, 432 F.3d at 33. But, "waiver of sovereign immunity must be strictly construed in favor of the sovereign." *Id. (quoting Orff v. United States*, 545 U.S. 596, 125 S.Ct. 2606, 2610, 162 L.Ed.2d 544 (2005)). A waiver of sovereign immunity must be express, it can not be implied, and it must be unambiguous. *In re Rivera Torres*, 432 F.3d at 32. The use of the term "money recovery" in 11 U.S.C. § 106(a)(3) is not unambiguous and it does not expressly include money damages. *Id.* If Congress had intended to waive sovereign immunity for money damages, it specifically could have done so. *Id.* at 34.

On remand, based on the First Circuit's decision, the United States seeks to vacate this Court's final order granting the debtors compensatory damages and requests dismissal of the contested matter based on sovereign immunity (dkt.# 146). While the United States recognizes that the panel majority did not squarely resolve the issue of whether "money recovery" embraces pecuniary loss damages, it contends that the waiver of sovereign immunity must be unambiguous and that the statutory waiver in 11 U.S.C. § 106(a)(3) is ambiguous as to whether it includes money damages. Likewise, the United States contends that the defense of sovereign immunity cannot be waived in litigation.

The debtors oppose the motion by the United States to vacate judgment contending that the motion should be denied under the doctrine of *res judicata* or collateral estoppel (dkt.# 149). As to *res judicata,* the debtors claim that a similar motion filed in the BAP was previously denied and that the First Circuit Court of Appeals determined that the decision of the bankruptcy court was final for purposes of appeal, notwithstanding the pendency of the remand for a determination of attorney's fees and costs.

A review of the order of the BAP shows that the United States' motion to vacate judgment was not denied on the merits, but rather was denied as moot. The decision of the Court of Appeals does conclude that the bankruptcy court's order was final and the case was remanded to the bankruptcy court for further proceedings consistent with the opinion of the Court of Appeals.

As to judicial estoppel, the debtors contend that the United States argued in various motions and briefs before the First Circuit Court of Appeals that the judgment was final and that it should not be permitted to change its position now, after the issuance of the decision by the First Circuit.

The United States filed a reply to the debtors' opposition (dkt.# 156). The United States accepts that the order of the bankruptcy court awarding pecuniary damages is final, but contends that because the United States did not waive sovereign immunity, the order is void and can be vacated at this time.

 In the present case, this Court is again being asked to determine the scope of the waiver of sovereign immunity contained in 11 U.S.C. § 106(a)(3). This Court previously treated "money recovery" as the equivalent of "money damages." Upon review of the opinion of the First Circuit Court of Appeals and strictly construing the waiver of sovereign immunity contained in 11 U.S.C. § 106(a)(3), this Court concludes that the United States has not waived its sovereign immunity for monetary damages since the statute limits relief to "money recovery," which does not unambiguously mean com-

pensatory damages. This Court concludes that the United States did not consent to be sued for monetary damages resulting from its violation of the discharge injunction.

■ As stated by the United States Supreme Court:

Consent alone gives jurisdiction to adjudge against a sovereign. Absent that consent, the attempted exercise of judicial power is void. The failure of officials to seek review cannot give force to this exercise of judicial power. Public policy forbids the suit unless consent is given, as clearly as public policy makes jurisdiction exclusive by declaration of the legislative body. *United States v. United States Fid. and Guar. Co.*, 309 U.S. at 514, 60 S.Ct. 653.

■ In the present case, based on the decision of the First Circuit, this Court concludes that the United States did not waive the defense of sovereign immunity, because the defense cannot be waived in litigation. Moreover, because the United States did not statutorily consent to jurisdiction, this Court's order awarding monetary damages is void and thus, the debtors' arguments as to *res judicata* and collateral estoppel are rejected. A void order has no effect. This result obtains irrespective of the sovereign's violation of federal law, inconsistent position taking at different stages of judicial proceedings and engagement in piecemeal litigation; all to the detriment of its citizens.

The BAP's mandate vacated the award of damages for emotional distress based on the judgment of the United States Court of Appeals for the First Circuit. Upon further consideration, and it appearing that the United States did not waive its sovereign immunity for monetary damages, this Court's award of compensatory damages for travel expenses will be vacated.

### ORDER

WHEREFORE IT IS ORDERED that the order granting the debtors $4,000 in monetary damages, entered on March 31, 2003, shall be, and it hereby is, VACATED.

IT IS FURTHER ORDERED that judgment is GRANTED in favor of the United States based on sovereign immunity.

SO ORDERED.