NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 7, 2008[*]
Decided July 7, 2008

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 07-3466

| | |
|---|---|
| AYODELE FAYOADE, <br>     *Plaintiff-Appellant*, <br><br> *v.* <br><br> JAMES SPRATTE, et al., <br>     *Defendants-Appellees*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 06 C 4818 <br><br> George M. Marovich, <br> *Judge*. |

**O R D E R**

On November 24, 1993, two Chicago police officers arrested Ayodele Fayoade, a Nigerian citizen, after discovering large amounts of heroin in his car. Neither the arresting officers, James Spratte and John Nee, nor any other state official informed Fayoade of his

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

right under the Vienna Convention to contact the Nigerian consulate for assistance. Fayoade was convicted of possessing a controlled substance and sentenced to 30 years' imprisonment. He remains incarcerated.

Twelve years later, on September 27, 2005, this court addressed as an issue of first impression whether aliens could assert private rights under the Vienna Convention in federal court. *See Jogi v. Voges*, 425 F.3d 367, 370 (7th Cir. 2005) (*Jogi I*). We initially held that the Alien Tort Statute (ATS), *see* 28 U.S.C. § 1350, gave federal courts jurisdiction over suits brought by aliens asserting Vienna Convention rights, and that the Convention itself contained an implied individual private right of action, *see Jogi I*, 425 F.3d at 373, 385. On rehearing, however, we concluded instead that 28 U.S.C. § 1331 gave us jurisdiction and that 42 U.S.C. § 1983 provided a private right of action for enforcing rights established by the Vienna Convention. We reserved the questions whether our jurisdiction could also rest on the ATS and whether Vienna Convention rights could be vindicated by means of an implied action directly under the Convention as well as by means of section 1983. *See Jogi v. Voges*, 480 F.3d 822, 824-25 (7th Cir. 2007) (*Jogi II*).

Fayoade first learned that he had enforceable rights under the Vienna Convention after our decision in *Jogi I* and filed suit against Spratte and Nee on September 5, 2006—less than one year after we decided *Jogi I* but nearly thirteen years after his arrest. Construing Fayoade's suit as a section 1983 claim, the district court applied the two-year statute of limitations used for section 1983 suits in Illinois, *see Evans v. City of Chicago*, 434 F.3d 916, 934 (7th Cir. 2006), and dismissed the suit, *see Limestone Devel. Corp. v. Village of Lemont*, 520 F.3d 797 (7th Cir. 2008) (observing that although statute of limitations is a defense, plaintiff may plead himself out of court if complaint's allegations show that suit is untimely).

On appeal, Fayoade contests the district court's dismissal of his claim. Fayoade first argues that the district court should have read his complaint to assert a claim under the Alien Tort Statute and the Convention itself rather than under section 1983. Had the court done so, Fayoade contends, it would have been compelled to follow several of our sister circuits in applying a ten-year limitations period. *See Arce v. Garcia*, 434 F.3d 1254, 1261 n.17 (11th Cir. 2006) (applying ten-year statute of limitations borrowed from the Torture Victim Protection Act to actions brought under the ATS); *Van Tu v. Koster*, 364 F.3d 1196, 1199 (10th Cir. 2004) (same); *Papa v. United States*, 281 F.3d 1004, 1011-12 (9th Cir. 2002) (same). But this argument gets Fayoade nowhere: even if he had a claim under the ATS (the question reserved in *Jogi II*) and even if a ten-year statute of limitations applied to such claims (an issue this circuit has not yet decided), it has been more than ten years since Fayoade's arrest. So if the starting point for tolling the statute of limitations is the day of Fayoade's

arrest, his suit is untimely regardless whether a ten-year or a two-year limitations period applies.

Fayoade responds to this obstacle by arguing that "any statute of limitation applicable to his claim" did not begin to run on the date he was arrested because his claim did not accrue until we decided *Jogi I*, at which time he learned of his right to sue. Spratte and Nee counter that the United States ratified the Vienna Convention in 1969 and it is that treaty, not our decision in *Jogi I*, that should have put him on notice of his potential claim and started the clock running. Likewise, say the defendants, Fayoade had enough information regarding his injury at the time of his arrest to trigger his duty to investigate whether he had any claims against Spratte and Nee.

The accrual of claims, for both Fayoade's section 1983 claim and any potential claim grounded in the ATS, is governed by federal common law. *Savory v. Lyons*, 496 F.3d 667, 672 (7th Cir. 2006) (noting that accrual of section 1983 claims governed by federal law); *Van Tu*, 364 F.3d at 1199 (applying federal law to determine accrual of suit which included ATS claim). Claims accrue when the plaintiff knows or should know that his federal rights have been violated. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm.*, 377 F.3d 682, 688 (7th Cir. 2004). The defendants correctly observe that a statute of limitations begins to run once a plaintiff has knowledge that would lead a reasonable person to investigate the possibility that his legal rights had been infringed. *See CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 992-93 (7th Cir. 2002). It does not matter whether the plaintiff knows the injury is actionable—he need only know that he has been injured. *See Central States v. Navco*, 3 F.3d 167, 171 (7th Cir. 1993) (abrogated on other grounds by *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., Inc.*, 522 U.S. 192 (1997)). On November 23, 1993, Fayoade had no less information than Jogi himself did when he filed his suit: he knew he was a foreign national in trouble with United States law enforcement. That Fayoade was unaware of certainty of the Convention's protections until *Jogi I* does not postpone the accrual of his claim. *See Barry Aviation*, 377 F.3d at 688; *Central States*, 3 F.3d at 171 (noting that claim accrues even though victim does not know he is legally entitled to recover). So the district court properly concluded that Fayoade's claim accrued on the date of his arrest.

Equitable tolling, which Fayoade also invokes to avoid the effect of the limitations defense, cannot help him either. That doctrine, governed by state law for section 1983 claims, "permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before." *Savory*, 469 F.3d at 673 (quoting *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 561 (7th Cir. 1996)). The federal common-law doctrine, which applies to tolling of ATS-grounded claims, *see Jean v. Dorelien*, 431 F.3d 776, 779 (11th Cir. 2005), may be broader but still requires that a plaintiff act with

diligence, *see Shropshear v. Corp. Counsel of City of Chicago*, 275 F.3d 593, 595-96 (7th Cir. 2001) (comparing Illinois and federal rules). Equitable tolling typically applies in cases where the plaintiff, despite reasonable efforts, cannot discover information essential to determining that he has a claim. *See id.* (discussing Illinois and federal cases). According to Fayoade, the essential information he lacked was provided by *Jogi I.* But we have previously rejected the argument that a change in law alone warrants equitable tolling. *See Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007) (dismissing argument that change in state substantive law warranted equitable tolling); *Chakonas v. City of Chicago*, 42 F.3d 1132, 1135-36 (7th Cir. 1994) (holding that plaintiff should have been aware that he had a possible claim well before this court decided a similar case). The district court properly dismissed Fayoade's suit as time-barred.

AFFIRMED.