# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-3328

NANCY ELLEN KOVACS,

*Plaintiff-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Defendant-Appellee*.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 08 CV 713—**J.P. Stadtmueller**, *Judge*.

ARGUED FEBRUARY 26, 2010—DECIDED JULY 29, 2010

Before FLAUM and WOOD, *Circuit Judges*, and ST. EVE, *District Judge.*[1]

ST. EVE, *District Judge*. Plaintiff-Appellant Nancy E. Kovacs ("Kovacs") appeals from an order of the district court affirming the bankruptcy court's dismissal of

---

[1] The Honorable Amy J. St. Eve, District Judge for the United States District Court, Northern District of Illinois, sitting by designation.

Kovacs' claim for lack of jurisdiction. The judgment of the district court is affirmed in part and reversed and remanded in part for further proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND

Kovacs, a taxpayer, filed suit against Defendant-Appellee United States of America seeking to recover damages resulting from the Internal Revenue Service's ("IRS") alleged violation of the discharge injunction provided by Section 524 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* Kovacs' suit arises from an Offer and Compromise ("OIC") that she entered into with the IRS in 1996 to resolve her tax liabilities for tax years 1990 through 1995. The OIC required Kovacs to timely pay her taxes for the five years subsequent to the date that the IRS accepted the OIC. Due to health problems, Kovacs was unable to pay her 1999 taxes. As a result, the IRS informed Kovacs in a January 29, 2001 letter that it was terminating her OIC and reinstating her outstanding taxes.

On July 3, 2001, Kovacs filed for Chapter 7 bankruptcy. On October 10, 2001, Kovacs received a bankruptcy discharge which included her tax liabilities for tax years 1990 through 1995. Notwithstanding the discharge, the IRS informed Kovacs in a November 5, 2001 notice that it had applied her overpaid taxes for tax year 2000 to her taxes from tax year 1991. On March 5, 2002, Kovacs contacted the IRS and informed a service representative that she had filed for bankruptcy and obtained a discharge from tax years 1990 through 1995, including the 1991 tax year

to which the IRS had applied her overpayment. The service representative informed Kovacs that she could continue to make payments for the non-discharged tax years because the IRS had not discharged all of Kovacs' tax liabilities. That same day, Kovacs sent a letter to the IRS asserting that the IRS had discharged her debts for 1991 through 1995.

After writing the letter to the IRS, Kovacs met with counsel. Kovacs provided copies of the bankruptcy discharge order to her attorneys, as well as the IRS's post-discharge notice. Kovacs' attorneys then contacted the IRS officer who wrote the OIC revocation letters sent to Kovacs. The IRS officer informed Kovacs' attorneys that the IRS likely could not reinstate the revoked OIC and that the most efficient way to resolve Kovacs' situation would be to file a new OIC. Kovacs' attorneys also discussed the discharge of Kovacs' taxes from 1990 through 1995 and concluded that the IRS had not discharged the taxes because the 1996 settlement had caused a "reassessment" of the 1990-1995 taxes. Because they believed that this "reassessment" occurred less than 240 days before Kovacs filed for bankruptcy, Kovacs' attorneys concluded that 11 U.S.C. §§ 507(a)(8) and 523(a)(8) resulted in the non-dischargeability of the taxes. They then determined that the best strategy to resolve Kovacs' issues would be to file a new OIC with the IRS. On April 2, 2002, Kovacs' attorneys submitted a new OIC to the IRS on behalf of Kovacs informing the IRS that Kovacs had filed for bankruptcy and received a discharge in 2001. After the IRS requested further information, Kovacs' attorneys submitted Kovacs' bankruptcy discharge papers

to the IRS. The IRS responded that it would not consider the OIC while a bankruptcy was proceeding. Kovacs' attorneys again contacted the IRS and informed it that the bankruptcy proceeding was not open.

On July 8, 2002, the IRS sent Kovacs six notices of intent to levy for tax years 1990 through 1995, as well as 1999. Kovacs' attorneys continued to pursue the new OIC on behalf of Kovacs, but on January 30, 2003, the IRS rejected the OIC based on its determination that Kovacs had the ability to pay more than the offer amount. Kovacs appealed that decision on February 6, 2003. In pursuing that appeal, Kovacs' attorneys communicated with IRS Appeals Officer Teresa Mulcahy between July 11, 2003 and August 13, 2003. Kovacs' attorneys provided Mulcahy a history of Kovacs' case, including the IRS's determination that the discharge did not cover the 1990-1995 tax years. On August 13, 2003, Mulcahy informed Kovacs' attorneys by telephone that the IRS had made a mistake and that Kovacs' tax liabilities for 1990-1995 had been discharged in Kovacs' 2001 bankruptcy. The IRS confirmed this information in an August 14, 2003 letter to Kovacs.

Despite this communication from the IRS, on September 8, 2003, the IRS sent Kovacs a statement of adjustment indicating that the IRS was transferring credit for her 2001 tax refund to her 1990 tax year liabilities. The notice also indicated a balance due for Kovacs' 1990 tax liabilities. By letter dated September 18, 2003, the IRS rejected Kovacs' most recent OIC for the 1990-1995 and 1999 taxes. The September 18, 2003 letter stated that

Kovacs' tax liabilities for those years were legally due and collectible and further requested Kovacs to pay her account in full. Ultimately, the only actual collection by the IRS regarding Kovacs' 1990-1995 taxes was to apply tax refunds to those years. The IRS, however, subsequently credited those amounts to Kovacs' other outstanding tax liabilities when the IRS realized its error.

After the IRS declined to respond to Kovacs' January 19, 2005 administrative claim to recover damages for the IRS's violation of 11 U.S.C. § 524, Kovacs initiated the present lawsuit by filing an adversary complaint in the bankruptcy court. Kovacs sought damages in the amount of $11,822.94 consisting of the attorneys' fees and costs she incurred in resolving her tax liabilities. The IRS moved to dismiss Kovacs' claim on jurisdictional grounds, but the bankruptcy court denied the motion on the basis that it had jurisdiction to grant relief to Kovacs pursuant to 11 U.S.C §§ 105(a) and 106 and 26 U.S.C § 7433. After the bankruptcy court ruled against the IRS on its statute of limitations argument again at summary judgment, the parties proceeded to trial. At trial, the IRS admitted that it willfully violated 11 U.S.C. § 524(a), and Kovacs admitted that her only damages were attorneys' fees and costs. Kovacs also reduced the damages she sought from $11,822.94 to $8,622 to reflect that she could not recover for the portion of her attorneys' fees and costs that related to her non-discharged 1999 tax liability. Kovacs also sought $106,198 for her costs in litigating the bankruptcy adversary proceeding, bringing her total request to $114,820.

After trial, the bankruptcy court issued an opinion awarding Kovacs $25,000 in fees and costs. To reach this figure, the bankruptcy court first reduced the amount of damages Kovacs sought to $65,451.37 due to statutory billing rates and a review of Kovacs' attorneys' time records. In determining what portion of that fee amount the IRS had to pay, the bankruptcy court analyzed a series of factors under 26 U.S.C. §§ 7430 and 7433 including that Kovacs was the prevailing party and that the IRS's actions were negligent and a proximate cause of Kovacs' injury. The court also held, however, that both parties were responsible for the case being over-staffed, over-lawyered and over-pleaded and that Kovacs had a substantial role in protracting the litigation. Ultimately, the court reduced Kovacs' award to $25,000.

Kovacs appealed the bankruptcy court's ruling on costs, and the IRS cross-appealed the bankruptcy court's finding that it had jurisdiction to hear Kovacs' claim. The district court noted that the bankruptcy court had determined that the procedural requirements of 26 U.S.C. § 7433 did not govern Kovacs' claim. The district court, however, determined that because 11 U.S.C. § 524 allows for monetary recovery from the United States and therefore implicates the government's sovereign immunity, the limitations in 26 U.S.C. §§ 7430 and 7433 would deprive the court of jurisdiction if not met. Despite the parties' briefing on the issue, the district court did not address the bankruptcy court's power to grant relief pursuant to 11 U.S.C §§ 105(a) and 106. Instead, the district court premised its ruling on 26 U.S.C. § 7433, which contains

a two-year statute of limitations. The district court vacated the bankruptcy court's judgment and remanded with instructions to determine whether Kovacs' suit was timely filed. The district court also engaged in an analysis of whether the bankruptcy court abused its discretion in reducing Kovacs' damage award to $25,000 in the event that the bankruptcy court held that it did have jurisdiction to hear Kovacs' claim. The district court found that the bankruptcy court made comprehensive and sound findings regarding damages under 26 U.S.C. § 7430.

On remand, the bankruptcy court held that, pursuant to 26 U.S.C. § 7433(e) and 26 C.F.R. § 301.7433-1(g)(2), Kovacs' cause of action accrued when she had a reasonable opportunity to discover all of the essential elements of her claim. The bankruptcy court determined that Kovacs' cause of action accrued on July 8, 2002 when she received the six notices of intent to levy from the IRS. The bankruptcy court noted that Kovacs was aware of her bankruptcy discharge and was represented by counsel familiar with bankruptcy and tax law. The bankruptcy court accordingly dismissed Kovacs' adversary proceeding for lack of jurisdiction because she failed to file her claim within two years of the date her cause of action had accrued. Kovacs appealed the decision of the bankruptcy court regarding jurisdiction to the district court, which affirmed the bankruptcy court's dismissal. Kovacs now appeals.

## II.  STANDARD OF REVIEW

"Because our review in a bankruptcy appeal is plenary, we apply the same standards that the district court did in reviewing the bankruptcy court's decision." *Tidwell v. Smith*, 582 F.3d 767, 777 (7th Cir. 2009); *Wiese v. Cmty. Bank of Cent. Wis.*, 552 F.3d 584, 588 (7th Cir. 2009). "We examine the bankruptcy court's determinations of law de novo and its findings of fact for clear error." *Id.* (citing *Wiese*, 552 F.3d at 588). A finding is "clearly erroneous" when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542, 92 L. Ed. 746 (1948)).

## III.  ANALYSIS

In the adversary proceeding underlying this appeal, Kovacs sought to recover her attorneys' fees and costs arising out of the IRS's willful violation of 11 U.S.C. § 524(a)(2), which provides that a bankruptcy discharge operates as an injunction against any act to collect a discharged debt as a personal liability of the debtor. Because 26 U.S.C. § 7433 of the Internal Revenue Code contains a two-year statute of limitations and 11 U.S.C. § 105(a) does not contain a limitation period, we first address Kovacs' contention that the bankruptcy court had jurisdiction to issue a ruling against the IRS pursuant to 26 U.S.C. § 7433 or, alternatively, 11 U.S.C. §§ 105 and 106 for its alleged violation of the discharge injunction.

### A. 26 U.S.C. § 7433(e) is the Exclusive Remedy for a Willful Violation of the 11 U.S.C. § 524 Discharge Injunction

To avoid application of the two-year statute of limitations under 26 U.S.C. § 7433(e), Kovacs argues that the bankruptcy court could have proceeded under 11 U.S.C. § 105, which provides that a bankruptcy court may issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," and § 106, which waives sovereign immunity to allow a court to exercise its § 105 powers against the IRS. 11 U.S.C. §§ 105, 106. As noted above, § 105 does not have a statute of limitations. Despite these broad powers, however, the plain language of 26 U.S.C. § 7433(e) is clear and controls in this instance.

In 1998, Congress amended § 7433 of the Internal Revenue Code by adding subsection (e) which states that if, "in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service willfully violates any provision of section . . . 524 (relating to effect of discharge) of title 11, United States Code . . . such taxpayer may petition the bankruptcy court to recover damages against the United States." 11 U.S.C. § 7433(e). Section 7433(e)(2)(A) provides that "notwithstanding [11 U.S.C. § 105], such petition shall be the exclusive remedy for recovering damages resulting from such actions." Section 7433 also contains a two-year statute of limitations. 26 U.S.C. § 7433(d)(3).

The lower courts correctly analyzed Kovacs' claim under the rubric of 26 U.S.C. § 7433 because it is undisputed that her case concerns a willful violation of the discharge injunction.[2] Moreover, in construing the applicability of 26 U.S.C. § 7433(e)'s exclusivity provision, we must "assume[ ] that the purpose of the statute is communicated by the ordinary meaning of the words Congress used; therefore, absent any clear indication of a contrary purpose, the plain language is conclusive." *United States v. Ye*, 588 F.3d 411, 414-15 (7th Cir. 2009); *Pittway Corp. v. United States*, 102 F.3d 932, 934 (7th Cir. 1996) ("All statutory interpretation begins with the language of the statute itself, and where the statute's language is plain, the sole function of the courts is to enforce it according to its terms.") (citations and quotation marks omitted). The exclusivity provision of 26 U.S.C. § 7433 is exceedingly clear and explicitly states that it applies "notwithstanding" 11 U.S.C. § 105. Because it is the "exclusive" remedy available to plaintiff taxpayers, prior to recovering for a willful violation of 11 U.S.C. § 524, a party must comply with the requirements of 26 U.S.C. § 7433 that may divest a bankruptcy court of jurisdiction. *See, e.g., In re Abate*, No. 07-cv-2953, 2008 WL 1776529, 2008 U.S. Dist. LEXIS 21655 (D.N.J. Mar. 18, 2008) (holding that "notwithstanding the broad power available to the Bankruptcy Court to ensure compliance with its orders," a "jurisdictional prerequisite to [an action for willful violation of a § 524 discharge] is exhaustion of IRS reme-

---

[2] Kovacs pled in her complaint, and the IRS conceded at trial, that the IRS willfully violated the discharge injunction.

dies, as 26 U.S.C. § 7433(d) requires"); *Jacoway v. Dep't of Treasury (In re Graycarr, Inc.)*, 330 B.R. 741, 747 (Bankr. W.D. Ark. 2005) (stating that the term "exclusive" in § 7433 "can only mean that once the administrative remedies have been exhausted—as required by § 7433(b), (d), and (e)—the taxpayer may file a petition with the bankruptcy court to determine the damages resulting from an alleged willful violation of the automatic stay" and that despite willful violation of § 524 "the court lacked jurisdiction to order the IRS to pay damages as the trustee had not exhausted her administrative remedies as required by 26 U.S.C. § 7433(b), (d), and (e)"); *In re Lowthorp*, 332 B.R. 656 (Bankr. M.D. Fla. 2005) (holding that debtors must comply with the jurisdictional prerequisites of 26 U.S.C. §§ 7430 and 7433 prior to recovery due to a willful violation of 11 U.S.C. § 524).

Despite the plain language of 26 U.S.C. § 7433, Kovacs argues that the bankruptcy court independently had jurisdiction to sanction the IRS pursuant to its inherent powers under 11 U.S.C. § 105. To support her argument, Kovacs first relies on *Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1553 (9th Cir. 1996), in which the Ninth Circuit held that § 105 "creates a statutory contempt power in bankruptcy proceedings, distinct from the court's inherent contempt powers, for which Congress unequivocally waives sovereign immunity." *Jove Eng'g* and the other cases relied by Kovacs, however, were decided prior to the 1998 amendments to § 7433(e) of the Internal Revenue Code or do not address the exclusivity provision of § 7433. *See e.g. Distad v. United States (In re Distad)*, 392 B.R. 482, 487 (Bankr. D. Utah 2008); *In re Torres*, 377 B.R.

428 (Bankr. D.P.R. 2007). These cases are therefore not instructive.

Due to the unequivocal exclusivity provision of 26 U.S.C. § 7433, the district court did not err in determining that Kovacs must comply with the jurisdictional provisions of § 7433 prior to recovery for a willful violation of the discharge injunction.

### B.  Application of 26 U.S.C. § 7433(d)(3)'s Two-Year Statute of Limitations

Because 26 U.S.C. § 7433 is the exclusive remedy for the harm suffered by Kovacs, we must determine whether Kovacs timely filed her adversary proceeding against the IRS. Pursuant to § 7433(d)(3), "an action to enforce liability created under [§ 7433] . . . may be brought only within 2 years after the date the right of action accrues." A cause of action under § 7433 "accrues when the tax-payer has had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. § 301.7443-1(g). In addition, a statute of limitations "begins to run once a plaintiff has knowledge that would lead a reasonable person to investigate the possibility that his legal rights had been infringed." *Fayoade v. Spratte*, 284 Fed. Appx. 345, 347 (7th Cir. 2008) (citing *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 992-93 (7th Cir. 2002)). "It does not matter whether the plaintiff knows the injury is actionable—he need only know that he has been injured." *Id.; see also Central States v. Navco*, 3 F.3d 167, 171 (7th Cir. 1993) (noting that claim accrues even though victim does not know he is legally entitled to recover).

Moreover, litigants are charged with knowledge of the law. *See Dziura v. United States*, 168 F.3d 581, 583 (1st Cir 1999) ("taxpayers—like the IRS—[are] chargeable with knowledge of the law, and thus with knowledge that the IRS had a duty to return [levied property]"). Kovacs filed her administrative claim against the IRS on January 19, 2005. If Kovacs had a reasonable opportunity to discover the elements of her 11 U.S.C. § 524(a) claim more than two years prior to that date, the bankruptcy court lacked jurisdiction over her claim.

### 1.   IRS's July 8, 2002 Collection Effort

With respect to the six notices of intent to levy sent to Kovacs by the IRS on July 8, 2002, the bankruptcy court's finding that Kovacs had a reasonable opportunity to discover the elements of her cause of action against the IRS as of the date when she received the notices is not clearly erroneous. Kovacs received her bankruptcy discharge on October 10, 2001, at which time she believed that her taxes for 1990-1995 were discharged.[3] On November 5, 2001, when the IRS notified Kovacs that it was applying $300 from her tax refund to her outstanding

---

[3]  Kovacs raises a brief argument that the district court improperly dismissed the bankruptcy court's reliance on Kovacs' deposition testimony, which the parties did not introduce into the record. As the district court recognized, however, any error in this regard was harmless because there was sufficient evidence in the record revealing that Kovacs did not believe that she owed the amounts sought by the IRS.

1991 tax liabilities, Kovacs believed that this application was inaccurate. Moreover, in a March 5, 2002 letter to the IRS, Kovacs asserted that her debts for 1991-1995 had been discharged. After discussing the matter with her attorneys and providing them with copies of her discharge documentation and IRS correspondence, Kovacs' counsel mistakenly concluded that her debts had not been discharged. As a result, they communicated with the IRS over several months in an effort to reach a compromise regarding Kovacs' outstanding tax liabilities. Then, on July 8, 2002, the IRS sent Kovacs six notices of intent to levy for tax years 1990 through 1995, as well as 1999. Kovacs testified that she was surprised to receive these notices because she thought the discharge was in effect.

The record accordingly supports the bankruptcy court's determination that Kovacs had ample opportunity to discover the elements of her cause of action with respect to these actions by the IRS at least by July 8, 2002. There is no requirement that Kovacs must have had absolute legal certainty regarding her cause of action prior to moving forward on her legal rights. As of July 8, 2002, she had a "reasonable opportunity to discover all essential elements of a possible cause of action" and accordingly her cause of action accrued on that date. *See* 26 C.F.R. § 301.7443-1(g).

Kovacs maintains that she did not have a reasonable opportunity to discover the elements of her claim due to a "secret" internal IRS policy. It is undisputed, however, that the IRS willfully sought to collect tax assessments from Kovacs that an order of the bankruptcy court had

previously discharged. Moreover, Kovacs' contention that an internal IRS policy governs whether an assessment is in fact dischargeable is flawed. While an internal IRS policy may govern collection efforts on the part of the IRS, as the district court recognized, sections 523 and 524 of the Bankruptcy Code control the legal question of whether a taxpayers' liabilities are in fact discharged. *See* 11 U.S.C. §§ 523, 524. An internal IRS policy cannot trump the force of law of the Bankruptcy Code.

Moreover, there is no legal authority to support Kovacs' position that the IRS—and not Kovacs or her attorneys—should bear the burden to ascertain the IRS's mistake in attempting to collect a discharged tax liability. The law in this regard is clear. The statute of limitations begins to run when the "taxpayer," not the IRS, "has had a reasonable opportunity to discover" the essential elements of her cause of action. *See* 26 C.F.R. § 301.7443-1(g). Kovacs was well aware of the discharge she received on October 10, 2001 and made no effort to return to the bankruptcy court to determine the enforceability of that discharge. Additionally, Kovacs presents no legal authority to support her contention that a mistake on the part of her counsel relieves Kovacs of her duty to investigate. The district court accordingly did not err in affirming the bankruptcy court's dismissal of the portion of Kovacs' action premised on the IRS's July 8, 2002 collection efforts and we affirm its decision in that regard.[4]

---

[4] In footnote six of her reply brief, Kovacs also briefly asserts that equitable tolling is a jurisdictional defense and that it

(continued...)

### 2.  IRS's September 8, 2003 and September 18, 2003 Collection Efforts

Kovacs contends that the IRS's communications after July 8, 2002 compounded its error and were either discrete additional violations of the discharge injunction or continuing unlawful acts that occurred within the two-year limitation period. We agree that the actions taken by the IRS subsequent to July 8, 2002, after the IRS informed Kovacs in writing on August 14, 2003 of its mistake in attempting to collect discharged taxes, were discrete and independently actionable violations of the discharge injunction.

As an initial matter, while not fatal to her claim based on the IRS's post-July 8, 2002 collection efforts, Kovacs' invocation of the continuing violation theory is not proper in this context. The continuing violation doctrine acts as a defense to the statute of limitations, *Limestone Dev. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 801 (7th Cir. 2008), by delaying its accrual or start date, *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 435 (7th Cir. 2009). The doctrine applies when "a tort involves a continued repeated

---

[4]  (...continued)
should compel the finding that her cause of action did not accrue until the IRS notified her of its mistake. Kovacs, however, has waived this argument because she did not raise this issue before the district court, *Skarbek v. Barnhart*, 390 F.3d 500, 505 (7th Cir. 2004), and she raised it for the first time in her reply brief, *London v. RBS Citizens, N.A.*, 600 F.3d 742, 747 (7th Cir. 2010).

injury" and "the limitation period does not begin until the date of the last injury or when the tortious act ceased." *Rodrigue v. Olin Employees Credit Union*, 406 F.3d 434, 442 (7th Cir. 2005). "The continuing violation doctrine allows a complainant to obtain relief for a time-barred act . . . by linking it with acts that fall within the statutory limitations period." *Filipovic v. K & R Express Syst., Inc.*, 176 F.3d 390, 396 (7th Cir. 1999). "It is thus a doctrine not about a continuing, but about a cumulative, violation." *Limestone*, 520 F.3d at 801. The continuing violation doctrine, how-ever, does not apply to "a series of discrete acts, each of which is independently actionable, even if those acts form an overall pattern of wrongdoing." *Rodrigue*, 406 F.3d at 443; *see also Filipovic*, 176 F.3d at 396 (actions "so discrete in time or circumstances that they do not reinforce each other cannot reasonably be linked together in a single chain, a single course of conduct, to defeat the statute of limitations").

Each of the IRS's attempts to collect taxes from Kovacs was a discrete act rather than a continuing violation or part of the original violation. The plain language of the Bankruptcy Code provides that a discharge "operates as an injunction against the commencement or continuation of . . . an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524. This is not a case in which "a series of wrongful acts blossom[ed] into an injury on which suit [could] be brought" as of the date of the later acts. *See Limestone*, 520 F.3d at 801. Instead, after the IRS informed Kovacs of its error in attempting to collect her discharged taxes it made two additional, discrete attempts to collect Kovacs'

discharged tax liabilities. Because the record supports that each of these acts constituted a separate violation of the discharge injunction, Kovacs need not rely on the continuing violation doctrine to recover damages for the IRS's violation of the discharge injunction.

Indeed, contrary to the bankruptcy court's holding that Kovacs failed to demonstrate that the IRS correspondence in September 2003 violated the discharge order, the face of the two September 2003 letters to Kovacs require a contrary conclusion. First, the September 8, 2003 letter, applicable to the tax period ending December 31, 1990, noted a balance due of $13,122.43 and requested Kovacs to pay the full amount by September 18, 2003. Second, the September 18, 2003 letter rejected Kovacs' offer to pay a portion of her tax liabilities for the tax periods ending December 1990-December 1995, and December 1999. The letter further stated that Kovacs' tax liabilities for those years were legally due and collectible and requested Kovacs to pay her account in full. The mere fact that an IRS officer had previously informed Kovacs of its mistake does not cure its later attempts to collect discharged taxes from Kovacs. Based on their plain language, it is clear that the two September 2003 letters were a new effort on the part of the IRS to collect on Kovacs' discharged debts and were therefore discrete violations of the discharge order. *See, e.g., Thibodaux v. United States (In re Thibodaux)*, 201 B.R. 827, 832-33 (Bankr. N.D. Ala. 1996) (holding that the IRS violated a 11 U.S.C. §524(a)(2) discharge injunction on six separate occasions by seeking improper collection on each of those six dates). While Kovacs cannot employ the September 8

and September 18, 2003 letters to save her otherwise time-barred claims, with respect to these acts, Kovacs' January 19, 2005 administrate claim was filed well within the two-year statutory limitations period of 26 U.S.C. § 7433(d)(3). The bankruptcy court thus erred in holding that Kovacs' claim was time-barred in this regard.

## IV.  CONCLUSION

Because we do not find that Kovacs' claim, as a whole, was timely filed, we need not address the award of litigation costs upheld by the district court. Instead, we affirm the portion of the district court's order holding that Kovacs' cause of action with respect to IRS's July 8, 2002 collection effort is time-barred. We reverse and remand the portion of the case arising from the IRS's September 8, 2003 and September 18, 2003 violations for determination of damages consistent with this opinion.