NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 21, 2011
Decided March 24, 2011

*Before*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

| | |
|---|---|
| No. 10-2441 | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| In re: | |
| James Ormal Anthony, | No. 09-CV-01155 |
| *Debtor-Appellee*. | |
| | **William C. Griesbach**, *Judge*. |
| Appeal of: | |
| Discover Bank | |

**O R D E R**

Discover Bank filed an adversary action in James Ormal Anthony's bankruptcy case, seeking to have $3100 in cash advances declared as nondischargeable debt. Both the bankruptcy court and the district court ruled against Discover Bank, finding that the debt was dischargeable because Anthony had presented evidence that he lacked the intent to defraud Discover Bank. For the same reason, we affirm.

In October 2008, Anthony made two cash advances totaling $3100 using his Discover Bank credit card. In November, after meeting with a financial counselor, Anthony filed for

Chapter 7 bankruptcy relief. Discover Bank filed an adversary action against Anthony, arguing that the cash advances were nondischargeable. Normally, cash advances are presumed to be nondischargeable if they exceed $825 and are obtained within 70 days of the entry of the order for relief in the bankruptcy court. 11 U.S.C. § 523(a)(2)(C)(i)(II). But this presumption can be rebutted if the debtor raises "a substantial doubt in the mind of the trier of fact as to the existence of the presumed intent" to defraud his creditors. *FCC Nat'l Bank v. Orecchio*, 109 B.R. 285, 290 (Bankr. S.D. Ohio 1989); *see Chase Manhattan Bank, N.A. v. Sparks*, 154 B.R. 766, 768 (N.D. Ala. 1993).

During the trial in the bankruptcy court, Anthony presented uncontested evidence that he took out the cash advances in order to pay off earlier debts and that he had engaged in similar behavior on previous occasions. Anthony testified that the cash advances were made 40 and 50 days before declaring bankruptcy, not on the eve of bankruptcy. He also testified that the cash advances were made before he consulted with a financial counselor and was advised of the option of bankruptcy. Based on this evidence, the bankruptcy court concluded that Anthony had rebutted the presumption that he had an intent to defraud Discover Bank and, therefore, that the debt from the cash advances was dischargeable. Discover Bank appealed to the district court, which affirmed the bankruptcy court's decision.

Discover Bank now appeals to this court. We review the bankruptcy court's decision with the same standard of review as the district court; that is, we review factual findings for clear error. *Kovacs v. United States*, 614 F.3d 666, 672 (7th Cir. 2010). A finding is "clearly erroneous" if we are "left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation omitted).

In this case, there was adequate evidence rebutting the presumption that Anthony had an intent to defraud Discover Bank. The evidence indicates that Anthony was an unsophisticated person who was using the cash advances to pay off debts and not running up frivolous charges. Anthony's cash advances were small and were made not on the eve of bankrupcty, but well before Anthony learned of the option of declaring bankruptcy. This unfortunate method of paying bills was not some scheme that he recently discovered. Rather, as the bankruptcy court noted, "he had been using the procedure of borrowing from one credit card to pay off another credit card, and it worked for several years." Remarkably, someone of his income level was able "to get nine credit cards with $120,000 worth of available debt" from financially sophisticated creditors.

Discover Bank counters that Anthony's cash advances were nondischargeable based on *Citibank (S.D.), N.A. v. Eashai*, 87 F.3d 1082 (9th Cir. 1996). Discover Bank's reliance on the *Eashai* case is misplaced. In *Eashai*, the Ninth Circuit Court of Appeals found the debt to be nondischargeable because the debtor was engaged in actual fraud through a practice called credit card "kiting." *Id.* at 1091. The *Eashai* court, however, distinguished between a debtor who engages "in the practice of using cash advances to solve their short-term cash flow problems" and a kiter who "manipulates the credit card system to gain money, property, and services with no intention of ever paying for them," and asserted that the most important element is the "intent to deceive." *Id.* at 1090. Here, Anthony presented evidence from which the bankruptcy court concluded that Anthony was not a kiter engaged in actual fraud, but an unsophisticated debtor who lacked the intent to deceive Discover Bank. This finding was not clear error. As the bank's counsel acknowledged at oral argument, henceforth risky card applicants will likely be confined to very low credit limits, or perhaps debit cards only. AFFIRMED.