**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 23, 2016[*]
Decided May 25, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 15-3849

| | |
|---|---|
| JOZEF GAJEWSKI, et al.,<br>   *Plaintiffs-Appellants*, | Appeal from the United States<br>District Court for the Northern District<br>of Illinois, Eastern Division. |
| *v.* | No. 14 C 9230 |
| OCWEN LOAN SERVICING, et al.,<br>   *Defendants-Appellees*. | John W. Darrah,<br>*Judge*. |

**O R D E R**

Homeowners Jozef and Wieslawa Gajewski reacted to a state-court foreclosure action by claiming in this federal lawsuit that two loan servicers and the law firm representing one of those companies violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d–1692g, and Illinois law through their collection efforts. (The couple's son also joined the suit, but he was not party to the mortgage loan and did not identify any plausible FDCPA violation targeted against him. We say nothing more about the

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

son.) The district court dismissed the FDCPA claims as untimely and then declined to exercise supplemental jurisdiction over the state-law claims. On appeal the Gajewskis challenge only the dismissal of their FDCPA claims. We affirm the judgment, though our reasoning differs to an extent from that of the district court.

The plaintiffs' complaint is 105 pages (divided into 633 numbered paragraphs) plus another 211 pages of exhibits. Named as defendants are Ocwen Loan Servicing, Nationstar Mortgage, and the law firm of Codilis & Associates, P.C. Briefly, the Gajewskis had refinanced their mortgage in 2008. In November 2009, servicing of the loan was transferred to Ocwen, which in May 2010 modified the terms of the loan at the borrowers' request. But they ceased making payments in March 2011, prompting Ocwen to sue in an Illinois circuit court in January 2013 to foreclose the mortgage. Ocwen was represented in that suit by Codilis & Associates. Servicing of the loan again was transferred in May 2013, this time to Nationstar, which substituted itself for Ocwen as plaintiff in the foreclosure suit. That lawsuit remains pending.

The federal complaint was filed on November 18, 2014. It tracks provisions of the FDCPA in claiming that the defendants misrepresented the character, amount, and legal status of their debt, *see* 15 U.S.C. § 1692e(2)(A), communicated information known to be false to credit-rating agencies, *see id*. § 1692e(8), and used unfair or unreasonable means to collect or attempt to collect the mortgage loan, *see id*. § 1692f. Yet despite its considerable bulk, the complaint is short on specifics about how and when these violations occurred. (The complaint also includes state-law claims, which the district court declined supplemental jurisdiction over and the Gajewskis say nothing about on appeal.)

The defendants moved to dismiss the FDCPA claims in their entirety as untimely. The statute of limitations under the FDCPA is one year, 15 U.S.C. § 1692k(d), and by the defendants' reading, the complaint's allegations of unlawful conduct relate exclusively to a period ending more than a year before the federal lawsuit was filed. In the alternative, the defendants urged the district court to abstain from reaching the merits of the FDCPA claims until after the state-court litigation concludes. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817–19 (1976).

The district court accepted the statute of limitations defense, though the court's reasoning is not entirely clear. On the one hand, the court asserted that the limitations period for any FDCPA violation started running "with the filing of the allegedly unlawful litigation," which implies that claims of unlawful collection activity occurring more than a year before the state lawsuit was commenced still would have been timely

if only the plaintiffs had filed their federal lawsuit sooner. Moreover, some statements by the court imply that collection efforts, in or out of court, could not have violated the FDCPA once the state lawsuit was pending. These references to the foreclosure suit are dictum, however, because the district court also wrote that the complaint doesn't allege that, in the year before it was filed, the defendants engaged in conduct plausibly violating the FDCPA. The Gajewskis filed a motion to reconsider, which the district court denied.

On appeal, as we understand their argument, the Gajewskis contend that new violations of the FDCPA could—and did—occur after the foreclosure suit was filed and within a year of this federal action. In addition, the plaintiffs insist, this new conduct constituted "continuing violations" that restarted the one-year limitations period for *all* prior violations of the FDCPA. In their brief the Gajewskis identify this new conduct as (1) Ocwen continuing to litigate the foreclosure action after it was filed, (2) Codilis & Associates moving to substitute Nationstar as plaintiff after that company had replaced Ocwen as the loan servicer, and (3) Nationstar, like its predecessor, continuing to litigate the foreclosure action. This line of reasoning is not persuasive.

We presume, as do the plaintiffs, that collection activity within or related to pending litigation may lead to new, and separately prosecutable, violations of the FDCPA. *See Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 872–76 (7th Cir. 2015) (reviewing whether motion for summary judgment violated FDCPA); *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1295, 1297 (11th Cir. 2015) (reviewing whether sworn reply disputing right to an exemption violated FDCPA). The Gajewskis are mistaken, however, in thinking that new violations will resurrect prior, untimely claims based on a "continuing violation" theory. As we have explained, the "statute of limitations begins to run upon injury . . . and is not tolled by subsequent injuries." *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 801 (7th Cir. 2008); *see Kovacs v. United States*, 614 F.3d 666, 676 (7th Cir. 2010). The "continuing violation" doctrine, which actually concerns "cumulative" violations, "does not apply to 'a series of discrete acts, each of which is independently actionable, even if those acts form an overall pattern of wrongdoing.'" *Kovacs*, 614 F.3d at 676 (quoting *Rodrigue v. Olin Emps. Credit Union*, 406 F.3d 434, 443 (7th Cir. 2005)); *see Limestone Dev. Corp.*, 520 F.3d at 801. Thus, any wrongful collection activity that occurred before November 2013—a year before the Gajewskis brought this federal action—is barred by the one-year statute of limitations. And since Ocwen and its law firm were out of the picture many months before that, no FDCPA claim against them could possibly have been timely.

So of the new FDCPA "violations" identified in the plaintiffs' brief on appeal, only the third—that Nationstar has continued to pursue the foreclosure suit—could be timely. But in their complaint the Gajewskis do not allege any specific action taken by Nationstar during the ongoing litigation that independently violated the FDCPA. Instead, this allegation is nothing more than another attempt to argue that a violation arising from the filing of a debt-collection suit continues as long as the suit remains pending. That contention lacks merit. *See Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997) (rejecting assertion that the statute of limitations should run from the day of the reviewing court's judgment instead of the day the suit was brought).

We have reviewed the plaintiffs' remaining contentions, and none has merit.

AFFIRMED.