**Gary Lee PANSIER and Joan Renee Pansier, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**No. 15–1386.**

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 22, 2015.*

Decided Sept. 25, 2015.

the briefs and records. *See* FED. R.APP. P. 34(a)(2)(C).

Gary L. Pansier, Crivitz, WI, pro se.

Joan R. Pansier, Crivitz, WI, pro se.

Richard Caldarone, Attorney, Robert W. Metzler, Attorney, Department of Justice, Washington, DC, for Respondent–Appellee.

Before FRANK H. EASTERBROOK, Circuit Judge, MICHAEL S. KANNE, Circuit Judge, DIANE S. SYKES, Circuit Judge.

## ORDER

Gary and Joan Pansier appeal from the tax court's decision to uphold the Internal Revenue Service's determination sustaining proposed levies to collect unpaid tax liabilities and rejecting their offer-in-compromise. Because the tax court correctly concluded that the IRS acted within its discretion when it rejected the Pansiers' settlement offer, we affirm.

The Pansiers have been in a protracted battle with the IRS over tax liabilities that date back two decades. *See In re Pansier,* 451 Fed.Appx. 593 (7th Cir.2011); *United States v. Pansier,* 576 F.3d 726, 728 (7th Cir.2009). In 2009 the agency began its latest attempt to collect on those liabilities. In 2012 the Pansiers submitted an "offer-in-compromise," *see* 26 U.S.C. § 7122, offering to pay $13,365.55 to settle their debt. They submitted with their settlement offer a financial statement listing their income and expenses, as well as eight notices from the IRS warning them that the agency intended to levy their assets based on debts for tax years 1999 through 2006.

The notices differed substantially in the calculated figures. The two most recent notices—from 2005 and 2006—calculated the amount due to include the current balance, penalty, and interest. For example, the account summary for 2006 shows that the Pansiers owed $6,764.24:

**Account Summary**

| | |
|---|---|
| Form: 1040 | Tax Period: 12-31-2006 |

Current Balance: $6,764.24
Includes:
    Penalty: $151.52
    Interest: $196.30
    Last Payment: $0.00

For information on your penalty & interest computations, you may call 1-800-829-0922

Questions? Call us at 1-800-829-0922

See the enclosed Publication 594, The IRS Collection Process, and Notice 1219A, Notice of Potential Third Party Contact, for additional information

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 504
Notice Date: 11-16-2009

write on your check:

| 1040 | 12-31-2006 | |

Find information about filing and paying taxes at www.irs.gov
Enter Keyword: filing late (or) paying late

Amount Due: $6,764.24

But the amount due in the six other notices excludes the balance and penalties and calculates only accrued interest. The account summary for 2004, for instance, specifies that the Pansiers owe only $79.37:

**Account Summary**

| | |
|---|---|
| Form: 1040A | Tax Period: 12-31-2004 |

Current Balance:
Includes:
    Penalty:
    Interest: $79.37
    Last Payment: $0.00

Penalty or interest could not be generated for this notice. For information on your penalty & interest computations, you may call 1-800-829-0922

Questions? Call us at 1-800-829-0922

See the enclosed Publication 594, The IRS Collection Process, and Notice 1219A, Notice of Potential Third Party Contact, for additional information

Please mail this part with your payment, payable to United States Treasury.

Notice Number: CP 504
Notice Date: 11-16-2009

write on your check:

| 1040A | 12-31-2004 | |

Find information about filing and paying taxes at www.irs.gov
Enter Keyword: filing late (or) paying late

Amount Due: $79.37

In January 2013 the IRS's Office of Appeals rejected the Pansiers' offer based on its belief that they had altered several of the notices to require payment of only the accrued interest. IRS computer records, an appeals officer said, "confirm that the amounts reflected on these notices are inaccurate." Analysis of the copies, the officer continued, confirmed that "the actual balance due amounts were removed and changed to reflect only the computer generated accrued interest as the current balance due." This was done, the officer added, "by completely eliminating the 'Current Balance Due' and 'Penalty' figures from each notice and replacing the 'Amount Due' with the computer generated 'Interest amount.'" The officer noted that "[t]he font used for the altered 'Amount Due' figures does not match the computer font used for the actual 'Interest' figures" and explained that "similar tactics used by the taxpayer that resulted in a tax fraud conviction were used in the submission of the offer in compromise documentation"—an apparent reference to Gary Pansier's conviction for tax fraud, *see Pansier*, 576 F.3d 726. The officer concluded that accepting the Pansiers' offer was not in the government's best interest. *See* INTERNAL REVENUE MANUAL § 5.8.7.7.1 (explaining that agency can reject settlement offer as not in best interest of government).

The Pansiers petitioned the tax court, disputing the agency's decision to (1) sus-

tain the levies to their unpaid tax liabilities for 1995 through 1998 and (2) collect unpaid tax liabilities for 1999 through 2006. The Pansiers asserted that the agency abused its discretion by rejecting their offer, and they denied altering the documents.

The tax court concluded that the agency did not act "arbitrarily or capriciously" in rejecting the settlement offer. It assumed that the tax forms had not been altered (the originals had not been introduced into the record) but determined that the settlement officer did not act unreasonably in concluding that the Pansiers had deliberately misrepresented their total liabilities in their offer. The court pointed to Gary Pansier's "history of submitting false documents and the settlement officer's verification of the amounts actually due far in excess of the amounts shown on the forms," as well as the Pansiers' pattern in prior disputes with the IRS of being "unwilling to accept any disagreement with their strongly held convictions that they were right." The court also noted that the Pansiers had engaged in "hostile, obstructive, and frivolous conduct at every stage of the proceedings" and rejected the Pansiers' suggestion "that the settlement officer could have persuaded them to change their position or should have engaged in further attempts to do so." The court later denied the Pansiers' motion to vacate or revise the decision.

■ On appeal, the Pansiers argue that the tax court erroneously concluded that the IRS did not abuse its discretion when it refused to negotiate a settlement. In their view, the settlement officer's conclusion that they altered the notices in an effort to sway him to accept the offer is irrational and clearly erroneous.

The tax court correctly concluded that the IRS did not abuse its discretion in rejecting the settlement offer based on

ample evidence that the Pansiers had altered documents. The amount of the Pansiers' tax liabilities that is recorded on the notices is nearly $90,000 less than the amount that they actually owe, as reflected in the IRS's records. Moreover, the Pansiers admitted to the tax court that they had altered the forms they submitted with their offer by inserting the interest amount in the "Amount Due" boxes on the notices and changing the title of the financial statement. And in light of Gary Pansier's previous conviction for filing false IRS forms, it was reasonable for the agency to scrutinize the documents submitted with the offer. Given the IRS's reasonable conclusion that the Pansiers submitted falsified documents, the IRS acted within its discretion in rejecting the offer as not in the government's best interest. *See* INTERNAL REVENUE MANUAL § 1.2.14.1.15(2) (allowing agency to reject offer that "might in any way be detrimental to the Government's interests"); *Kindred v. Comm'r of Internal Revenue*, 454 F.3d 688, 696 (7th Cir.2006) ("The decision to entertain, accept or reject an offer in compromise is squarely within the discretion of the appeals officer and the IRS in general."); *cf.* TREAS. REG. § 301.7122–1(e)(5)(i) (allowing IRS to reopen case after acceptance of settlement offer where "[f]alse information or documents are supplied in conjunction with the offer").

■ The Pansiers also contend that the tax court violated the rule announced in *SEC v. Chenery Corp.*, 332 U.S. 194, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947), by basing its decision on grounds other than those relied upon by the settlement officer— specifically by ruling against them because they had engaged in "hostile, obstructive, and frivolous conduct." To the extent that the tax court relied upon this ground as a basis for its decision, however, it was an

alternative and independent ground. The principal ground for its decision was the Pansiers' submission of questionable documents—the same rationale relied on by the agency. Any error the tax court committed in relying also on the alternative ground is harmless. *See Parker v. Astrue,* 597 F.3d 920, 924 (7th Cir.2010); *Sahara Coal Co. v. Office of Workers Comp. Programs, U.S. Dep't of Labor,* 946 F.2d 554, 558 (7th Cir.1991).

The Pansiers raise numerous other challenges to the tax court's rulings and the IRS's rejection of their offer. We have considered these arguments and conclude that none has merit.

The Pansiers are frequent litigants and in the tax court's view have "rejected or ignored the holdings of the District Court, the bankruptcy court, the Court of Appeals, and [the tax court]." This appeal is yet another in a frivolous and protracted attempt to avoid paying their tax liabilities. We order the Pansiers to show cause within 14 days why this court should not sanction them with a fine, the nonpayment of which may lead to a circuit-wide filing bar under *In re City of Chicago,* 500 F.3d 582, 585–86 (7th Cir.2007), and *Support Systems International, Inc. v. Mack,* 45 F.3d 185, 186–87 (7th Cir.1995).

AFFIRMED.