NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 8, 2021[*]
Decided November 12, 2021

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-2847

| | |
|---|---|
| JOAN R. PANSIER, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 19-C-1906 |
| UNITED STATES OF AMERICA, <br> *Defendant-Appellee*. | William C. Griesbach, <br> *Judge*. |

**O R D E R**

For decades, Joan Pansier and her late husband Gary have contested their federal tax liability and the government's collection methods. *See, e.g.*, *Pansier v. Comm'r*, 623 F. App'x 809, 810 (7th Cir. 2015) (summarizing history); *Pansier v. Comm'r*, No. 15-1386 (7th Cir. Oct. 20, 2015) (imposing sanction for Pansiers' frivolous appeal). In

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

today's case, Joan claims that the Internal Revenue Service violated procedural rules when attempting to collect Gary's unpaid taxes for 1995 through 1998. Although both Pansiers listed themselves as plaintiffs here, Gary died shortly after the district-court complaint was filed. The district court dismissed the case, concluding that Gary was the sole relevant taxpayer and that the suit therefore did not survive his death. We affirm the judgment, albeit on different grounds.

The IRS used several means to pursue Gary's unpaid taxes. These included a collection lawsuit, liens against Gary's assets, and a levy on his pension. The levy prompted his pension fund to send him a letter explaining that it would now pay his benefits to the government. According to the Pansiers, the IRS itself did not send any formal notice of the levy, liens, or other collection efforts.

In September 2017 (a month after receiving the fund's letter), Gary filed an administrative complaint with the IRS, objecting to the lack of formal notice and contending that the government's collection activities were untimely in any event. The agency denied administrative relief in January 2018. Over the next two years, the Pansiers continued asking the agency for more information about the levy and about Gary's tax liability—to no avail until 2019, Joan says.

Meanwhile, in 2018, the Pansiers filed for bankruptcy. That action stayed the IRS's collection suit. Yet the levy on Gary's pension remained, and (Joan says) the government continued seeking payment. In July 2019, the Pansiers petitioned the bankruptcy court for relief, claiming that the IRS had violated the automatic bankruptcy stay and other bankruptcy orders. *See* 11 U.S.C. § 362(a), (k); FED. R. BANKR. P. 4001(a)(3). But the bankruptcy judge denied their petition, and we eventually held that the federal courts could grant no further relief on that score because the Pansiers did not timely challenge the bankruptcy court's decision in the district court. *Pansier v. United States*, 821 F. App'x 642 (7th Cir. 2020).

That takes us to today's suit against the United States. The Pansiers filed it in December 2019—more than two years after their administrative complaint. They cited 26 U.S.C. §§ 7432 and 7433, alleging that they each suffered financial harm from the government's attempts to collect Gary's taxes. The allegations fell into two categories. First, the Pansiers renewed their claims from the 2017 administrative complaint: that a statute of limitations barred the government's collection efforts, *see* 26 U.S.C. § 6502, and that the government wrongly failed to give them formal notice, *see id.* §§ 6320(a), 6331(d), 7602(c). Second, they alleged that the government continued trying to collect Gary's tax liabilities in violation of the 2018 bankruptcy stay and other orders.

Before any answer was due, the government moved to dismiss Joan's claims for lack of standing, and to stay Gary's claims during the government's separate collection suit against the Pansiers. (Joan's appeal in that collection suit was docketed last month and remains pending. *See United States v. Pansier*, No. 21-2871 (7th Cir. Oct. 14, 2021).) But then Gary died while the government's motion was pending. The government filed a suggestion of death, and Joan moved to be substituted as the proper party.

The district court, in turn, dismissed the entire case. Sovereign immunity protects the United States from suit unless that immunity is waived—and, the district court determined, the waivers of sovereign immunity in 26 U.S.C. §§ 7432 and 7433 extend only to suits by the taxpayer whose liability triggered the government's collection activities. Joan, according to this view, was a third party who could not sue in her own right. As for Joan's request to be substituted, the district court inferred from the sovereign-immunity rule that Joan could not do so; Gary's death extinguished the suit.

Joan appeals. Yet even if we assume (without deciding) that she can pursue claims for the collection of Gary's 1995 to 1998 liabilities, we agree with the government's alternative arguments that all claims are barred by the statute of limitations, by bankruptcy laws, or by the failure to exhaust administrative remedies.

We start with the time bar. Claims like the Pansiers' must clear a two-year statute of limitations under 26 U.S.C. §§ 7432(d)(3) and 7433(d)(3). The period runs not from the date administrative remedies are exhausted (here, in January 2018), but rather from the earlier date on which a plaintiff had "a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. §§ 301.7432-1(i)(2) & 301.7433-1(g)(2). (The regulations include special provisions, not relevant here, for cases in which the agency's response to an administrative complaint would otherwise be too slow. *See id.* §§ 301.7432-1(e)(1)(ii), (e)(2) & 301.7433-1(d)(1)(ii), (d)(2).) Here, then, any claims covered in the administrative complaint had accrued—at the very latest—by the time that complaint was filed in September 2017. And the district-court complaint was filed more than two years later, in December 2019.

Joan counters that the claims did not accrue until April 2019—within the two-year window—because it was only then that she and Gary received various documents confirming the theories outlined in the September 2017 administrative complaint. But "absolute legal certainty" is not needed for a claim to accrue. *Kovacs v. United States*, 614 F.3d 666, 675 (7th Cir. 2010). And the allegations from the administrative complaint would suffice to lead a "reasonable person either to sue or to launch an investigation that would likely uncover the requisite facts." *Keohane v. United States*, 669 F.3d 325, 329

(D.C. Cir. 2012). And so, all claims covered by the administrative complaint were untimely filed in federal court. To be sure, Joan also objects that the government did not cite the time bar in the district court. But the government did not waive the argument there, because its answer to the complaint was not yet due. *See* FED. R. CIV. P. 8(c)(1), 12(a)(4).

Still, it is not clear that the time bar extends to claims arising from the government's alleged violation of the 2018 bankruptcy stay, which came after the administrative complaint. But, as the government points out, by statute the Pansiers' exclusive remedy for those claims was to petition the bankruptcy court for relief. *See* 26 U.S.C. § 7433(e); *Kovacs*, 614 F.3d at 672–73. Indeed, the Pansiers did just that— but the bankruptcy court rejected the claim. The tax suit before us today is not a proper vehicle for relitigating the issue.

Finally, throughout this litigation, the Pansiers appeared to reference other claims unrelated to the issues from the 2017 administrative complaint, although the details are difficult to pin down. But, as the government observes, any claims omitted from the administrative complaint would be unexhausted—and it would be too late to exhaust them now. *See* 26 U.S.C. §§ 7432(d) & 7433(d); *Goldberg v. United States*, 881 F.3d 529, 533 (7th Cir. 2018).

We have considered Joan's other arguments, but none has merit.

AFFIRMED